## LEFEBVRE, Syndic, *v.* DE MONTILLY.

To support the plea of *res judicata* the judgment must be between the same parties, and the cause of action thê same.

Creditors have a right to cause to be set aside all conveyances made by an insolvent, within the three months next preceding his failure, which give an unjust preference to one or more of his creditors. Whenever an action is commenced to set aside a conveyance alleged to have been made under such circumstances, it is for the defendant to show that the property was sold to him for a true and just consideration, by him delivered, *bona fide*, at the time of such sale or transfer. Stat. 20th February, 1817, s. 24.

APPEAL from the District Court of the First District, *Buchanan*, J. The judgment of the court was pronounced by

ROST, J. The syndic of the creditors of the defendant's husband has instituted this action against her to set aside a sale, or *dation en paiement*, of immovables and slaves, made to her, by her husband, twenty days before his voluntary surrender to his creditors.

He alleges that *Louis Lefebvre*, a judgment creditor of the insolvent, made opposition to his discharge, and charged him with fraud in this transaction, that a jury found the said insolvent guilty of fraud, and that the judgment of the court was in conformity with law on such a verdict.

The defendant avers that the sale complained of was made to her in good faith to pay a part of her dotal and paraphernal rights and separate estate; that the judgment obtained against her husband in the District Court by *Louïs Lefebvre*, on his opposition to the discharge of her husband on the ground of fraud, by reason of this conveyance to her, has been reversed by the Supreme Court, and her husband fully acquitted. See 18 La. p. 383. She maintains that this judgment has the effect of *res judicata* between her and the plaintiff.

This action was dismissed in the District Court, and the plaintiff appealed.

The plea of *res judicata* cannot be maintained. The plaintiff was not made a party to the former suit, and the proceedings had therein were in relation to him *res inter alios acta*. Besides this, the cause of action was not the same.

The legislature has seen fit to attach a penalty to the commission of fraud by insolvents against their creditors. It was the object of the judgment creditor to enforce that penalty in the former suit; he succeeded in the court of the first instance, but, on appeal, the Supreme Court reversed the judgment, on the ground that what had been done by the insolvent was done openly and publicly, and that the creditors were apprised of it by the *bilan* in which the transaction complained of was described in all its details. The court was of opinion, that in order to constitute fraud, two conditions are necessary—the intention of defrauding, and an actual loss sustained by the creditors. They reversed the judgment.

because the fraudulent intent was disproved by the acts of the insolvent. But the *eventus damni* remains to be litigated between the creditors and the present defendant, and forms the object of this suit.

LEFEBVRE<br>v.<br>DE MONTILLY.

Creditors have the right to cause to be set aside all conveyances made by the insolvent within the three months next preceding his failure, giving an unjust preference to one or more of the creditors. Whenever such an action is instituted, it is incumbent upon the defendant to show that the property was sold to him for a true and just consideration, *by him bonâ fide delivered* at the time of such sale or transfer. Act of 1817, s. 24.

The giving in payment complained of was passed *en tiempo inhabil*, and the defendant has not brought herself within the proviso of the section above referred to. We will leave her claims against her husband to be proved in the general administration of his assets; but the giving in payment from her husband to her must be avoided.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, and that the sale or giving in payment made to the defendant by the insolvent *De Montilly*, on the 30th November, 1840, by act passed before *Jules Mossy*, a notary public, be annulled and avoided, and the property conveyed by it delivered to the plaintiff to be disposed of according to law; reserving to the defendant the right to litigate and establish in the general *concurso* of the creditors, any claims she may have against her husband, or upon the property surrendered by him. It is further ordered and adjudged that the defendant pay the costs in both conrts.

*Grivot* and *Castera*, for the appellant. *Canon*, for the defendant.