GOMILA v. WILCOMBE et al.

(Circuit Court of Appeals, Fifth Circuit.  February 12, 1907.)

No. 1,591.

BANKRUPTCY—PREFERENCE—CONVEYANCE TO WIFE UNDER LOUISIANA CODE.

Under the provision of Civ. Code La. art. 2446, that a transfer of property by a husband to his wife is valid where "it has a legitimate cause, as the replacing of her dotal or other effects alienated," and the state decisions which protect such transfers as against the husband's creditors, even though he may be insolvent, such a transfer of realty by an insolvent within four months prior to his bankruptcy, if made in good faith and of property not exceeding in value the dotal property of the wife. does not constitute a preference voidable under Bankr. Act 1898, § 60b, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445].

Appeal from the District Court of the United States for the Eastern District of Louisiana.

This is an appeal from the District Court for the Eastern District of Louisiana. The question involved arose in the bankruptcy case of John E. Wilcombe, bankrupt. Wilcombe was adjudicated a bankrupt on the 8th day of September, 1905. On the 16th day of August preceding, he transferred to his wife certain real estate in the parish of Tangipahoa, La., which it is unnecessary to describe. The consideration for the transfer was $3,000. Joseph H. Gomila, having been selected as trustee for the estate of Wilcombe, filed a petition to set aside this transfer by the husband to the wife on the ground that the transfer was voidable under the bankruptcy act, being made within four months of the adjudication, and that the property should be returned to the common fund of the bankrupt's estate. The case was heard by the referee, who filed an interesting opinion, which, after full discussion of the question, concluded as follows:

"The state of Louisiana gives to the wife a lien and privilege on the property of her husband for the protection of her paraphernal and dotal rights. This lien and privilege can be enforced against third parties by recordation under act No. 95, p. 114, of 1869 of the General Assembly of Louisiana, or by actual transfer. The indebtedness of the husband to the wife can be satisfied under the provisions of article 2446 of the Civil Code. These provisions of the state law have at all times existed in protection of the wife's rights, and cannot be construed as a preference such as is contemplated by the federal statute, section 60a of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]). Therefore no preference such as there contemplated exists, and by agreement no fraud is to be drawn from this transaction, and for these reasons, in the face of the jurisprudence and of the statutes of the state of Louisiana, I am of the opinion that the trustee cannot invoke the federal statute and attack the transfer recognized and approved of in every respect by the laws of Louisiana."

The referee then directs that the rule taken by the proceeding against the bankrupt and his wife be dismissed. This decision of the referee was taken before the District Judge for review, and was approved and confirmed. Thereupon an appeal was taken by the trustee to this court.

The errors assigned, so far as material to this case, are, "First. The court erred in holding that a transfer of real estate by the bankrupt to his wife, in satisfaction of her dotal claims, one month before his adjudication in bankruptcy, was such a preference as, by the laws of the state of Louisiana, could not be set aside by a syndic or trustee representing all the creditors. Second. The court erred in holding that a transfer of real estate by the bankrupt to his wife, within four months of his adjudication in bankruptcy, in satisfaction of her paraphernal rights, is not a preference within the meaning of sections 60a and 60b of the federal bankrupt laws, and in refusing to declare such transfer null upon the suit of the trustee."

Thomas D. Flynn, for appellant.

Wm. W. Westerfield, for appellees.

Before McCORMICK and SHELBY, Circuit Judges, and NEW-MAN, District Judge.

After stating the case as above, the opinion of the court was delivered by NEWMAN, District Judge.

The interesting question presented by the record in this case is whether a dation en paiement made by husband to wife in Louisiana, and executed and delivered within four months of the subsequent voluntary bankruptcy of the husband, should be set aside as a preference under sections 60a and 60b of the bankruptcy act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]).

In the course of the proceedings in the case before the referee by written agreement between the parties, all questions of simulation and fraud in connection with the transfer were abandoned, and it was agreed that the real estate transferred, after paying certain mortgages, was not worth more than the amount expressed in the dation en paiement, and that this amount was due the wife by the husband. The amount named was inherited by the wife during marriage from a deceased uncle, and had been loaned by her to the husband, so that the transaction was bona fide and for a full consideration. Should such a transfer be disturbed by the bankruptcy court under section 60 of the bankruptcy act?

Counsel for the trustee claims that such a transfer, even in the courts of Louisiana, while not subject to attack by a single creditor, will be set aside at the instance of a syndic representing all the creditors, under the state insolvency law. Reliance for this position is placed on the case of Lefebvre v. De Montilly, 1 La. Ann. 42. That case, standing alone, might afford some support to this contention, but in a number of subsequent cases the Supreme Court of Louisiana have expressed the opposite view from that sought to be drawn by counsel for the trustee from that case, and have stated that the De Montilly Case was decided in favor of the syndic because of the failure to show the reality and good faith of the transaction.

In Judice v. Neda, 8 La. Ann. 484, the court said, referring to the De Montilly Case:

"The sale made to the wife in that case was set aside because she had not brought herself within the letter or spirit of the proviso of the twenty-fourth section of that act by showing the reality and good faith of the transaction."

In Lehman, Abraham & Co. v. Levy, 30 La. Ann. 745, the Supreme Court in the opinion (page 750) uses this language:

"The dation en paiement purports to have been made in consideration, and in satisfaction in part, of that judgment. The judgment might be without effect as to creditors it certainly does not conclude them; but the dation en paiement might be valid, because its validity would not depend on the judgment, but on the reality of the claims on which the judgment purports to have been rendered. The Revised Civil Code (article 2446) specially authorizes the transfer of property by the husband to the wife, 'even though not separated, when it has a legitimate cause, as the replacing of her dotal or other effects alienated.' Rabassa v. Casteen, 5 La. Ann. 493. The embarrassment of the husband is the sole ground on which the wife is authorized to demand a

separation of property. The greater the embarrassment, the greater the danger to her rights, and the greater the necessity for the separation. Mere pecuniary embarrassment, which may be only temporary, is not so serious as actual insolvency; and neither the one nor the other is any obstacle to a transfer by the husband to the wife, in good faith, for the replacing of her money or property used or alienated by him. See Judice v. Neda, 8 La. Ann. 485, which interprets Lefebvre v. De Montilly, 1 La. Ann. 42.

"The plaintiffs in this case attached the dation en paiement on two grounds: (1) That the judgment and transfer under it was simulated, fraudulent, and void; (2) that the claims of the wife, if she ever had any, were paid and satisfied by the two judgments obtained in 1856 and 1869. Two essentials are requisite for the validity of a dation en paiement by the husband to the wife: (1) That the husband should be really indebted to her; (2) that the fair value of the property given in payment should not exceed the amount actually due to her. It was the business of plaintiffs attacking the contract to have charged distinctly the causes for which they demanded its nullity, and, as there is no allegation, and no evidence tending to show, that the property transferred was worth or could have been sold for more than the amount at which it was taken and received by the wife, it must be assumed that the valuation in the contract was fair."

The above extract seems to state the whole law of the dation en paiement in Louisiana. It seems to be thoroughly recognized as a part of the jurisprudence of the state, and it may be considered as thoroughly settled, we think, that a husband in failing circumstances may in good faith transfer to the wife property in payment of money due her where the property does not exceed in value the amount so due, and that such a transfer will be good against other creditors. This right is granted and controlled by section 2446 of the Civil Code of Louisiana, as follows:

"Article 2446. (2421.)—A contract of sale, between husband and wife, can take place only in the three following cases:

"1. When one of the spouses makes a transfer of property to the other who is judicially separated from him or her, in payment of his or her rights.

"2. When the transfer made by the husband to his wife, even though not separated, has a legitimate cause, as the replacing of her dotal or other effects alienated.

"3. When the wife makes a transfer of property to her husband, in payment of a sum promised to him as a dowry.

"Saving, in these three cases, to the heirs'of the contracting parties, their rights, if there exist any indirect advantage."

Being thus a part of the settled policy of the state and fixed in its laws, this peculiar and superior right of the wife should be fully recognized and given effect by the court of bankruptcy sitting in Louisiana and passing on the relative right of creditors in this state.

Another view of the matter may be stated. Section 60a and 60b of the bankruptcy act are aimed at transfers made within four months by which creditors obtain a greater percentage of their debts than "other of such creditors of the same class." In Louisiana, as to such a transfer as that in question here, the wife stands in a class alone; there are no other creditors of the "same class."

Again, by the provisions of the bankruptcy act (section 64b [5]), such priorities as that given the wife under circumstances existing here are fully recognized and protected.

We deem it unnecessary to discuss the matter of the legal mortgage given the wife by the laws of Louisiana for her property alienated by

the husband. We have been referred to various sections of the Civil Code of Louisiana bearing on this question, and it has been discussed by counsel in an interesting manner. We think, however, the case may be determined by the validity or nonvalidity, under the admitted facts in this case, of the dation en paiement, and we hold it to be valid and effective even under the provisions of the bankruptcy act. Therefore, any further consideration or discussion of the Louisiana law on this subject is unnecessary.

The entire argument, really, of the learned counsel for the appellant is based, as we understand it, on the interpretation and effect he gives to the case of Lefebvre v. De Montilly, supra, and as we believe, in view of the other decisions of the Supreme Court of Louisiana, the construction sought to be given to that case is erroneous, the counsel's contention is left unsupported.

We think the case was correctly decided in the District Court, which upheld the validity of the transfer to the wife in this case, and determined that it was not a transfer which should be set aside under the bankruptcy act.

The judgment is therefore affirmed.