## LYNCH v. SPEED.

(Circuit Court of Appeals, Fifth Circuit. February 25, 1926.)

No. 4538.

1. **Husband and wife** ⟜137(1)—**Husband cannot administer wife's separate property without her consent (Civ. Code La. arts. 2384, 2387).**

In view of Civ. Code La. arts. 2384, 2387, husband cannot administer wife's separate property without her consent.

2. **Bankruptcy** ⟜163—**Husband could repay wife's separate money loaned to him without creating voidable preference (Civ. Code La. arts. 2376, 2446).**

In view of Civ. Code La. arts. 2376, 2446, permitting sale by husband to wife, and giving her a lien on all his property, to replace her total and her paraphernal funds, husband could repay separate money loaned to him by wife without creating voidable preference under Bankruptcy Law.

3. **Husband and wife** ⟜264—**Evidence held to show that money in wife's bank box was her separate paraphernal property, and had not been administered by husband, so as to fall into community (Civ. Code La. arts. 2386, 2387).**

Evidence *held* to show that money found in bankrupt's wife's bank box was her separate paraphernal property, and had not been administered by husband, within Civ. Code La. art. 2387, so as to fall into community under article 2386.

Appeal from the District Court of the United States for the Western District of Louisiana; Benjamin C. Dawkins, Judge.

In the matter of the bankruptcy of Virgil M. Lynch. Petition by Mrs. Lena Cole Lynch, claiming certain personalty as her separate and paraphernal property, contested by H. R. Speed, trustee. Judgment for the trustee (3 F.[2d] 82), and petitioner appeals. Reversed and remanded.

J. C. Theus and Alden T. Shotwell, both of Monroe, La. (Randle, Shotwell & Brown and Theus, Grisham & Davis, all of Monroe, La., on the brief), for appellant.

Allan Sholars and John M. Munholland, both of Monroe, La. (Hudson, Potts, Bernstein & Sholars and F. G. Hudson, Jr., all of Monroe, La., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case it appears that Virgil M. Lynch was adjudicated a bankrupt and a trustee was appointed. The trustee discovered a safety deposit box in the Ouachita National Bank, at Monroe, La., in the name of his wife, appellant herein, and took steps to reduce its contents to possession as an asset of the estate. In the box were a number of bonds, which it is unnecessary to enumerate, and $4,010 in money. Appellant filed a petition in the bankruptcy proceedings, and claimed the contents of the box as her separate and paraphernal property. The trustee, appellee herein, conceded her ownership of the bonds, but contested her right to the money. The matter was referred to a master, who took the evidence and reported adversely to appellant. On a hearing of exceptions to the master's report, it was confirmed, and judgment entered in favor of appellee.

The learned District Judge was of the opinion that the separate property of the wife had been administered by the husband, and hence the fruits fell into the community of acquêts and gains, thus becoming an asset of the bankrupt's estate. Undoubtedly the learned judge a quo has correctly interpreted the law of Louisiana as applied to his findings of facts, but we disagree with him as to his conclusions regarding the ultimate facts shown by the evidence. Appellant testified in substance that the bonds found in the box were acquired by her in January, 1917, with money inherited from her father's estate; that the bonds were kept for her by her husband, and that he from time to time collected the coupons; that from this source the money was realized; that this money was always kept separate, and that she eventually took the bonds and money herself, and put them in the safe-deposit box, where they were subsequently found.

The testimony of the bankrupt confirmed this, and as to the collection of the coupons he said he would sometimes cash them and put the money in her bank account, that sometimes he would put the money in his safe, and sometimes deposit the cash to his own account, but in that event always reimbursed his wife in not over 60 days. It appears that the box was rented by appellant in her own name in August, 1922, about five months before the bankruptcy petition was filed. There is no doubt that she had received more than $4,000 in dividends from the savings accounts and bonds owned by her, during the five-year period after her inheritance and before she rented the bank box. Appellant is not impeached as a witness in any way. On the contrary, her absolute integrity and veracity is vouched for by the appellee. Of course, suspicion is always aroused when the wife of a bankrupt, hopelessly insolvent, turns up with a considerable amount of money and property in her own name, but suspicion must always yield to undisputed facts.

[1] Under the law of Louisiana (Civil Code, art. 2386) the fruits of the wife's paraphernal property administered by the husband fall into the community, but it is also the law (Civil Code, art. 2384), that the wife has the right to administer personally her paraphernal property without the assistance of her husband, and, if she has left the administration to her husband, she may afterwards withdraw it from him (Civil Code, art. 2387). In the light of these articles it cannot be said that the husband can legally administer the wife's separate property without her consent.

[2] The fact that the husband sometimes uses part of the proceeds of his wife's separate property in his business is as consistent with the conclusion that she had loaned it to him as that she had consented to his administration of her paraphernal property. The law of Louisiana does not countenance transactions between husband and wife, except in rare instances, but nevertheless it recognizes that such transactions will occasionally take place, and therefore permits a sale by the husband to his wife for the purpose of replacing her dotal or other effects alienated. Civil Code, art. 2446. She is also given a lien on all his property for the replacement of her dotal and paraphernal funds. Civil Code, art. 2376. If appellant had in fact loaned her separate money to her husband in this case, he could have repaid her without thereby creating a voidable preference under the Bankruptcy Law. Gomila v. Wilcombe, 151 F. 470, 81 C. C. A. 268.

[3] In any aspect of the case, the equities are with appellant, but we believe it is conclusively shown that the money found in the bank box was the separate and paraphernal property of appellant, and that it had not been administered by the husband within the contemplation of article 2387, Civil Code.

It follows that the judgment appealed from must be reversed, and the case remanded for further proceedings not inconsistent with this opinion.

Reversed.