### COYLE v. HORTON and four other cases.
### Nos. 5456–5460.

Court of Appeal of Louisiana.
Second Circuit.
April 30, 1937.

Barskdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellant.

A. S. Drew, of Minden, for appellee.

HAMITER, Judge.

Plaintiff instituted these suits, and also one entitled Sam P. D. Coyle v. North Central Texas Oil Company, Inc., for the purpose of obtaining the cancellation and erasure from the records of Webster parish, La., of certain mineral deeds standing in the names of the respective defendants

and affecting the title to 60 acres of land owned by him.

In connection with the attacks, he asserted that all rights under the instruments had been lost by nonusage during ten years and specially pleaded the prescription of ten years' liberandi causa. Besides praying in his petitions for the cancellation of the several instruments, he asked to be awarded damages for attorney's fees.

Defendants urged primarily a suspension of prescription.

As the cases involved identical issues, they were consolidated for all purposes and tried. Judgments were rendered by the trial court in plaintiff's favor sustaining the pleas of prescription and ordering the erasure of the mineral deeds as prayed for. The demands for attorney's fees were rejected.

From the foregoing judgments, these appeals were prosecuted. The above-mentioned case of Sam P. D. Coyle v. North Central Texas Oil Company, Inc., involved an amount in excess of the jurisdictional limits of this tribunal and it was appealed to the Supreme Court.

A discussion by us of the issues presented by the appeals will serve no useful purpose. The North Central Texas Oil Company, Inc., Case, supra, was decided by the highest court of this state on March 29, 1937, and a rehearing was refused on April 26, 1937. The court's opinion therein (Coyle v. North Central Texas Oil Co. [La.Sup.] 174 So. 274) recites the facts in all of the causes, discusses the issues, together with the law applicable thereto, and decrees an affirmance of the trial court's judgment. That decision is controlling of our action in these cases.

Therefore, by virtue of the aforementioned decree of the Supreme Court, and the reasons given in support thereof, the judgments of the trial court in these cases are affirmed.

Defendants shall pay the costs of both courts.

DREW, J., recused.