# ZIMMERMAN v. MATHEWS TRUCKING CORP.

### No. 14693.

United States Court of Appeals
Eighth Circuit.

Aug. 14, 1953.

838

J. H. Lookadoo, Arkadelphia, Pa. (G. W. Lookadoo, Arkadelphia, Ark., on the brief), for appellant.

J. W. Barron, Little Rock, Ark. (Wootton, Land & Matthews, Hot Springs, Ark., Eugene A. Matthews and Rose, Meek, House, Barron & Nash, Little Rock, Ark., on the brief),. for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

The District Court in this case granted the defendant (appellee) judgment notwithstanding a verdict for the plaintiff (appellant), but denied the defendant's alternative motion for a new trial. The plaintiff appealed. This Court reversed, and directed the reinstatement of the verdict and judgment for the plaintiff. 203 F.2d 864, 868. The defendant in its brief had challenged, by cross assignments of error, the validity of the plaintiff's judgment and verdict and had asserted that if the judgment notwithstanding the verdict was reversed the defendant was entitled to a new trial.

The printed record on appeal did not show that the defendant had preserved for review alleged errors in the court's instructions relative to two fact issues. We said in our opinion that "The defendant did not ask at the trial that either of these issues be submitted to the jury, nor object to the court's failure to submit them." By a petition for rehearing, the defendant pointed out that the original or primary record on appeal showed that that statement was incorrect. We therefore eliminated that sentence from the opinion.

In the belief that the defendant, which was not in the position of a cross-appellant, could be heard only in support of the judgment from which the plaintiff had appealed and could not complain of the judgment on the verdict, this Court denied the defendant's petition for rehearing, in which the defendant asserted that it was entitled to a retrial of the case.[1] Judge JOHNSEN questioned the correctness of that ruling.

1. The rule which was relied upon by a majority of the Court is stated in O'Neil v. Wolcott Mining Co., 8 Cir., 174 F. 527, 535, 27 L.R.A.,N.S., 200, as follows: "An appellee or a defendant in error who takes no appeal or writ of error himself cannot, by assigning cross-errors, or by brief or argument, confer jurisdiction upon a federal appellate court to consider, review, or decide rulings against him in the court below. Much less can he be

heard to challenge rulings that were too favorable to him. Cross-errors are not assignable in the national courts." See, also, Merchants' & Manufacturers' Securities Co. v. Johnson, 8 Cir., 69 F. 2d 940, 944; Blackhurst v. Johnson, 8 Cir., 72 F.2d 644, 649; Bolles v. Outing Company, 175 U.S. 262, 268, 20 S.Ct. 94, 44 L.Ed. 156; Peoria & Pekin Union Railway Co. v. United States,. 263 U.S. 528, 536, 44 S.Ct. 194, 68 L.Ed. 427.

The defendant, in a second petition for rehearing, has called our attention to a statement of the Supreme Court in Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 254, 61 S.Ct. 189, 195, 85 L.Ed. 147, in which the proper procedure upon an appeal from a judgment notwithstanding a verdict entered pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., was discussed. The court said:

"* * * The judgment on the verdict may still stand, because the appellate court may reverse the trial judge's action. This being so, we see no reason why the appellee may not, and should not, cross-assign error, in the appellant's appeal, to rulings of law at the trial, so that if the appellate court reverses the order for judgment *n. o. v.*, it may pass on the errors of law which the appellee asserts nullify the judgment on the verdict."

Under the procedure outlined and approved by the Supreme Court in the Montgomery Ward case, it seems apparent that this Court, after having determined that the judgment appealed from by the plaintiff was a nullity, was required to consider whether the judgment in favor of the plaintiff entered upon the verdict was also a nullity. In a situation such as this, if both judgments are invalid, it is apparent that the case must be retried, regardless of the equities involved.

The judgment appealed from was clearly a nullity. The judgment on the verdict was invalid because the case was submitted to the jury under erroneous instructions which the defendant challenged at the trial and has challenged in this Court by cross assignments of error.

The ruling of this Court upon the defendant's first petition for rehearing to the effect that the defendant was not entitled to a new trial is withdrawn. The judgment from which the plaintiff appealed is reversed, the verdict and judgment in favor of the plaintiff are held to be invalid and are vacated, and the case is remanded with directions to grant a new trial.