121 So.2d 344 (1960)
Reola KNIGHTEN et al.
v.
AMERICAN AUTOMOBILE INSURANCE COMPANY et al.
No. 5020.
Court of Appeal of Louisiana, First Circuit.
May 31, 1960.
Rehearing Denied June 29, 1960.
*345 Jos. A. Gladney, Baton Rouge, for appellants.
Seale, Hayes, Smith & Keogh, Baton Rouge, for appellees.
Before ELLIS, LOTTINGER, LANDRY, and PUGH, JJ.
PUGH, Judge ad hoc.
This is a damage suit which arose out of a collision between a one-half ton pick-up truck owned and operated by James R. Wilson (in which plaintiff, Reola Knighten, was riding as guest passenger) and an automobile which was operated by defendant Clarence V. Johnson (in which J. C. Thompson and J. B. Thompson were riding as passengers). Reola Knighten's husband, Granger Knighten, was joined as plaintiff, and the American Automobile Insurance Company, the liability insurer on the Johnson vehicle, was joined as defendant.
Pursuant to the prayer in the petition, plaintiffs were awarded a jury trial. During the course of the trial, and for reasons not here pertinent, the suit as to Granger Knighten was dismissed by order of the District Judge. It does not appear that an appeal was taken on behalf of Granger Knighten from the order of dismissal, and the correctness of the District Court's ruling as to this matter is not before us on this appeal. The jury returned a verdict in favor of defendants (11 to 1), the trial judge denied plaintiff Reola Knighten's application for a new trial, and judgment was entered dismissing her suit. Plaintiff Reola Knighten took this appeal.
The collision in question occurred November 28, 1955, at about 1:00 p.m. on Plank Road which, where the collision occurred, is a two-lane, hard-surfaced State highway running generally north-south. The Wilson truck, followed by the Johnson automobile, was proceeding north on Plank Road when, several miles north of the Baton Rouge city limits, the collision occurred, as Johnson attempted to overtake and pass the Wilson truck and as Wilson attempted to execute a left turn into a gravelled private road to the west. The left rear portion of the Wilson truck was struck by the right front portion of the Johnson vehicle. The impact occurred in the left or passing lane, a short distance to the west of the center line.
The first question, of course, concerns whether Johnson was negligent. In this connection, plaintiff Reola Knighten relies heavily upon another case which grew out of the same collision, Johnson v. Wilson, which was considered first by this Court (1957, 97 So.2d 674), and later was reversed in part by the Supreme Court (La. *346 1960, 118 So.2d 450). In the earlier case, suit had been instituted by Johnson to recover damages to his car caused by the alleged negligence of Wilson. The defendant Wilson had denied that he was negligent and reconvened to recover $235,965.37 for personal injuries he allegedly sustained as a result of the accident. The case was tried before a jury, which rejected plaintiff Johnson's claim and awarded defendant Wilson a verdict in the sum of $8,507.37. In our opinion in that case we observed that the evidence was "sharply contradictory," and went on to state:
"We see no need to detail the discrepancies. In reaching a verdict for appellee Wilson, the jury must necessarily have accepted Wilson's version of the accident. The factual determinations of the trier of fact, particularly when based upon an evaluation of the credibility of opposing witnesses, should not be disturbed on appeal unless manifestly erroneous. Jones v. Jones, 232 La. 102, 93 So.2d 917; Fouquier v. Fouquier, 231 La. 430, 91 So.2d 591; Guidry v. Crowther, La.App. 1 Cir., 96 So.2d 71. Furthermore, the District Court, who saw and heard the witnesses, refused to grant a new trial upon the appellants' application for same." 97 So.2d at page 676.
This Court concluded that it was not manifestly erroneous for the jury to have accepted Wilson's version of the accident, and it was in the light of the Wilson version, thus accepted for purposes of appellate review, that we stated that Johnson was guilty of gross negligence. In its review of our decision in that case, the Supreme Court expressed no disagreement with our position in this regard, and we feel that the statements in the opinion by the Supreme Court relative to negligence on the part of Johnson is to be interpreted to mean that if the version of the collision by Wilson in that case be accepted, and it was not manifestly erroneous for the jury to so accept it, Johnson was guilty of negligence. The Supreme Court's reversal in part of our decision was on another point, i. e., whether in the light of uncontroverted facts defendant Wilson was guilty of contributory negligence.
In her reliance upon the pronouncements of this Court and the Supreme Court in the prior litigation of Johnson v. Wilson, plaintiff Reola Knighten contends that it "has been settled as a matter of law" that Johnson was guilty of negligence, and that this decision "is binding on the defendants herein as a matter of law." The theory which underlies this contention is not altogether clear. In support thereof she relies upon a number of cases, none of which, in our opinion, are controlling here. Several of these cases (Alba v. Holstead, 1946, 210 La. 357, 27 So.2d 130; Lewis v. Baker, 1911, 128 La. 92, 54 So. 482; Davis v. Lewis & Lewis, La.App.1954, 72 So.2d 612; Noe v. Maestri, La.App.1939, 190 So. 590) concern the binding effect of prior rulings in the same case between the same parties. (See, generally, the discussion in Moore's Federal Practice §§ 0.401 and 0.404 (2d ed. 1959) and "Developments in the Law of Res Judicata," 65 Harv.L.Rev. 818, at 822 (1952)). These cases have no application whatsoever to a situation where, as here, it is a different case, the parties are different and the cause of action is different. Another case relied upon by plaintiff (Coyle v. Horton, La.App.1937, 174 So. 277) concerns the situation where cases involving identical issues were, for all purposes, consolidated for trial. One of the cases so tried was appealed to the Supreme Court, which recited the facts in all of the cases, discussed the issues and the law applicable thereto, and affirmed the judgment of the trial court. The Court of Appeal in its consideration of those of the consolidated cases which were appealed to it concluded that it was controlled by the prior decision of the Supreme Court on the same record. In the instant case there was no consolidation for trial, the cases were tried at different times before different juries, and of course there is a different record. (Only a minute portion of the record in the prior case, page 84 *347 thereof, was offered in evidence in the instant case.) The last of the Louisiana state court cases relied upon by plaintiff in this connection (Heymann v. Mathes, 1931, 18 La.App. 403, 137 So. 871) concerned a question of law (whether attorney fees may be collected by a money lender operating under the Small Loan Law, LSA-R.S. 6:571 et seq.). The same Court of Appeal which decided the Heymann case had previously decided the same question in the affirmative in a different case between different parties, and the Supreme Court in denying an application for review had declared that the decision by the Court of Appeal was correct. The Court of Appeal in the Heymann case felt that it was bound by the pronouncement of the Supreme Court in the prior proceeding. We are not here concerned with what rule of law should be applied to uncontroverted facts, but rather with the facts themselves. In the prior case between different litigants arising out of the same occurrence, the trier of fact resolved sharply conflicting testimony against Johnson, and on appeal it was found that their determination was not manifestly erroneous. Here a different factual determination was made between different parties in a different trial in the light of evidence then adduced. The problem now appears to be whether this determination was manifestly erroneous.
The federal cases relied upon by plaintiff in support of her position (Campbell v. United States, D.C.E.D.La.1948, 75 F.Supp. 181, reversed 5 Cir., 1949, 172 F.2d 500, certiorari denied 1949, 337 U.S. 957, 69 S.Ct. 1532, 93 L.Ed. 1757; Westmoreland et al. v. Mississippi Power & Light Co., 5 Cir., 1949, 172 F.2d 643; Zimmerman v. Mathews Trucking Corp., 8 Cir., 1953, 203 F.2d 864, rehearing denied, modified 8 Cir., 1953, 205 F.2d 837; West v. American Telephone & Telegraph Co., 1940, 311 U.S. 223, at pages 236-237, 61 S.Ct. 179, at page 183, 85 L.Ed. 139; Yoder v. Nu-Enamel Corp., 8 Cir., 1941, 117 F.2d 488) are also not persuasive as to this issue. It is true that both the Zimmerman and Westmoreland cases concerned problems arising from several suits growing out of the same occurrence, but both of these cases make it clear that a factual finding in one case is not conclusive in another. In the Westmoreland case, the Court made it clear that the prior judgment would not ground a plea of res judicata and that the appellant was not "bound by the facts as presented to the state court." And in the Zimmerman case the court was concerned with whether if a state court jury verdict in favor of plaintiff in a state court action was upheld on review by the state's Supreme Court it would be improper for a federal court in a case arising out of the same occurrence to set aside a federal jury verdict which was also in favor of plaintiff. That the state court action did not cause negligence of defendant to be established as a matter of law in the Zimmerman case, is clear from the fact that on rehearing the court ordered a new trial, that the case be again submitted to the jury for determination of the facts and the application of the proper law. In this connection, see also Roucher v. Traders & General Insurance Co., 5 Cir., 1956, 235 F.2d 423, 424, wherein it was stated:
"The district court granted summary judgment for the defendant, appellee, in an automobile negligence action, apparently upon the ground that there was no genuine issue as to the nonnegligence of the defendant's insured, Joseph H. Hicks. That conclusion the district court reached solely as a result of evidence taken upon a trial involving the same accident, and held by a Louisiana state court not to show negligence on the part of the said insured. Hicks v. Tilquit, La.App., 82 So.2d 100. The plaintiff was not a party to such former action and strenuously objected to the admissibility in this case of the evidence therein taken or of the result of such trial.

* * * * * *
"The question of defendant's liability cannot be lawfully withdrawn from the *348 jury and determined by the court unless the facts are not only undisputed but are also such that all reasonable men, in the exercise of a fair and impartial judgment, must draw the inference and conclusion therefrom of nonnegligence."
Plaintiff concedes, as indeed she must, that the statements in the case of Johnson v. Wilson are not binding upon the defendant Johnson as a matter of res judicata. Article 2286 of the LSA-Civil Code provides:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."
It is clear that here the demand is different, is based upon a different cause of action, and is between different parties. Since Reola Knighten was not a party litigant to the prior proceeding, any finding in that proceeding that Johnson was not negligent would certainly not have been binding upon her. To hold otherwise would be to deny to her her day in court. Since Johnson could not have taken advantage of a finding of non-negligence, he should not be bound in this case by a prior finding of negligence. Phrased differently, if there were a bus accident in which fifteen passengers were injured and one, because of ineptness or otherwise, is unsuccessful in his suit against the bus company, surely it would be improper to hold that all of the other victims had thereby lost their right to a day in court. Similarly, if the second person won in his action against the bus company, this would not mean that the thirteen remaining victims would automatically be entitled to recover. It is clear on reason and authority that the case of Johnson v. Wilson is not determinative of the negligence issue in this case. See Gaines v. Hennen, 1860, 24 How. 553, 65 U.S. 553, 571-580, 16 L.Ed. 770, a case arising under Louisiana law; Lefebvre, Syndic v. De Montilly, 1846, 1 La.Ann. 42; Mastier v. New Orleans, Opelousas & Great Western Railroad Co., 1861, 16 La.Ann. 354, 356; Rauschkolb v. Di Matteo, 1938, 190 La. 7, 181 So. 555; Aucoin v. Aucoin, La.App.1948, 34 So.2d 819; Roucher v. Traders & General Insurance Co., 5 Cir., 1956, 235 F.2d 423, a case arising under Louisiana law; Shields v. American Motorists Insurance Co., D.C.E.D.La.1957, 157 F.Supp. 520, a case arising under Louisiana law. The cases of McKnight v. State, La.App.1953, 68 So.2d 652 and Muntz v. Algiers & G. St. Ry. Co., 1908, 116 La. 236, 40 So. 688, are clearly distinguishable. They both concern a different problem, that raised when, in a suit by one party against another party, liability is deemed derivative (predicated upon the negligence of a third party), and in a prior suit by the first party against the third party the latter has been held not to be liable. See American Law Institute Restatement of the Law of Judgments (1942) and compare Sections 96 and 99 and accompanying comments, with Section 93 and accompanying comments, especially illustrations 8 and 9; and see also Freeman on Judgments §§ 469, 428-429 (1925); Annotation, 133 A.L.R. 181; and Note, 14 Louisiana Law Review 901 (1953).)
Although Louisiana's doctrine of res judicata is more limited than at common law (see Woodcock v. Baldwin, 1902, 110 La. 270, 275, 34 So. 440, 441 and Comment, 2 Louisiana Law Review 347 (1940) ), it would appear, however, that the same result reached here would also generally be reached at common law. See, for example, Elder v. New York & Pennsylvania Motor Express, Inc., 1940, 284 N.Y. 350, 31 N.E.2d 188, 133 A.L.R. 176; Montgomery v. Taylor-Green Gas Co., 1947, 306 Ky. 256, 206 S.W.2d 919; Triplett v. Lowell, 1936, 297 U.S. 638, 642, 56 S.Ct. 645, 647, 80 L.Ed. 949, 952; Park-In Theatres v. Waters, 5 Cir., 1950, 185 F.2d 193, 195;
*349 Taormina Corporation v. Escobedo, 5 Cir., 1958, 254 F.2d 171, 174. See American Law Institute Restatement of the Law of Judgments (1942) § 93, particularly illustrations 8 and 9, wherein it is stated:
"8. A, a woman, brings an action against B for physical injury. Judgment is given for B on the ground that B was not negligent. C, the husband of A, who did not control the action although he testified for his wife, brings an action against B for loss of services of A. He is not concluded by the judgment in the first action. (As to the effect of control, see § 84.)
"9. Same facts as in Illustration 8, except that judgment was given for A in the first action on the ground that B was negligent. In the action brought by C, the judgment in favor of A does not conclude B as to this matter."
and Section 84, especially illustration 18, wherein it is stated:
"18. Six persons are hurt by an explosion upon A's premises. One of them, B, brings suit alleging A's negligence. The other five contribute to the compensation of B's attorney, are active in supplying evidence and testify for B. They do not, however, control the proceedings. Judgment is given for A on the merits. In subsequent proceedings brought by others, the judgment is not res judicata as to A's negligence."
See also Annotation: Judgment in action growing out of accident as res judicata, as to negligence or contributory negligence, in later action growing out of same accident by or against one not a party to earlier action, 133 A.L.R. 181; Freeman on Judgments §§ 428-429 (1925); and Moore's Federal Practice § 23.11[3] (1948).
That different triers of fact might validly reach different conclusions concerning the same set of facts is clearly made possible by the doctrine of manifest error, which has been so repeatedly recognized in the jurisprudence of this state. See Kendrick v. Kendrick, 1958, 236 La. 34, 38, 106 So.2d 707, 708; Orlando v. Polito, 1955, 228 La. 846, 849, 84 So.2d 433, 434; Wier v. Grubb, 1955, 228 La. 254, 271, 82 So.2d 1, 7; Olivier v. Abunza, 1954, 226 La. 456, 461, 76 So.2d 528, 530; Barlotta v. Walker, 1953, 223 La. 157, 160, 65 So.2d 122, 123; Plunkett v. United Electric Service, 1948, 214 La. 145, 160, 36 So.2d 704, 709, 3 A.L.R.2d 1437; Barnes v. Le Blanc, 1945, 207 La. 989, 991, 22 So.2d 404, 405; Thomas v. Mobley, La.App.1960, 118 So.2d 476, 481; Roux v. Attardo, La.App. 1957, 93 So.2d 332, 335; Hayes v. Illinois Central Railroad, La.App.1955, 83 So.2d 160, 162; Futrell v. Pacific Indemnity Company, La.App.1955, 79 So.2d 903, 909. Where the facts are in dispute, as hereespecially so, as in the instant case, where the resolution of conflicting factual accounts depends upon an evaluation of the credibility of witnessesit is very appropriate to give great weight to the findings of fact reached by the trial judge or jury. As Justice Stone observed in Worcester County Trust Company v. Riley, 1937, 302 U.S. 292, 299, 58 S.Ct. 185, 188, 82 L.Ed. 268, 275, "conflicting decisions upon the same issue of fact do not necessarily connote erroneous judicial action. Differences in proof and the latitude necessarily allowed to the trier of fact in each case to weigh and draw inferences from evidence and to pass upon the credibility of witnesses, might lead an appellate court to conclude that in none is the judgment erroneous."
It must be remembered that plaintiff in this case had the burden of proof. This burden certainly could not be carried, and plaintiff did not attempt to carry it, by merely relying upon the case of Johnson v. Wilson, which she maintains established as a matter of law that Johnson was negligent. Under the law she was required to adduce evidence to establish her claim, and this she attempted to do. The jury apparently was unimpressed by the testimony given by plaintiff Reola Knighten and by *350 Wilson, the driver of the vehicle in which the plaintiff was riding. Both Reola Knighten and Mr. Wilson testified that when they were about 400 feet from the driveway to the west, Mr. Wilson signalled for a left turn by extending his arm. Mr. Wilson testified that about 100 feet from the driveway he started to pull over to the left to make a gradual left turn, and that about 65 feet from the driveway his vehicle began to enter the left traffic lane. Reola Knighten testified that Mr. Wilson started pulling over for a left turn about 300 feet from the driveway. The impact occurred about 35 feet from the driveway, a short distance to the west of the center line, and if the above testimony be accepted as true, then it is clear that defendant Johnson was negligent in not heeding the signal and in attempting to pass the Wilson truck under the circumstances. It seems clear that the jury did not accept plaintiff's version as to what happened, and this is not surprising. Plaintiff Reola Knighten's testimony was greatly shaken by vigorous and effective cross-examination. Instead of the above, the jury apparently accepted the testimony of the other three eye witnesses to the collision, that of Clarence Johnson, and the two passengers in the Johnson vehicle, J. C. Thompson and J. B. Thompson. J. C. Thompson, plaintiff's witness, testified that although he was sitting in the front and looking out of the windshield he saw no hand signal from the Wilson truck; that the Johnson vehicle had started to pull over to the left to pass the Wilson truck when the truck was still "a good little piece" ahead of the car; that the Johnson vehicle was right by the side of the Wilson truck when the truck "cut over" into the left lane; and that Johnson had blown his horn and applied his brakes. J. B. Thompson, a defense witness, testified to substantially the same facts. Defendant Johnson testified that he was going roughly about 60 miles an hour; that when he was about 25 yards behind the Wilson truck he pulled into the left lane to pass it; and that when he was about 20 yards behind the truck he blew his horn; that he saw no hand signal; that when he was about 10 yards behind the truck it first started entering the left hand lane; and that after the accident, he ran to help Mr. Wilson get out of the truck, which was lying on its right side; that he could not open the door, and had to wait for Mr. Wilson to run down the glass before the door could be opened (thus further negativing the testimony by Wilson and Reola Knighten relative to the hand signal). If the testimony by the latter three witnesses be accepted, then it is clear that the jury was correct in its conclusion that Johnson was not negligent. From a close study of the record, we are inclined to accept this version as to what happened, but whether this be correct or not, it was certainly not manifestly erroneous for the jury to reach the conclusion it did.
For the reasons assigned, the judgment of the lower court is affirmed, appellant to pay the costs of this appeal.