TATE, Judge.
This is an expropriation suit. The sole issue of this appeal is the market value of the land taken for highway purposes. The plaintiff Department appeals the award as excessive.
*143 By the taking, some 13]4 acres were expropriated from the defendant- Martin’s 45-acre tract. The taking included the land’s entire western road frontage, as well as a' strip across the entire northern part of the tract including part of the eastern road frontage of the tract.
All appraisers agreed essentially that the principal market value of the land was founded upon its availability for suburban homesites in the immediate vicinity of the. expanding city of Lafayette. The chief differences between them arise from whether an incremental value results from more recent sales on a neighboring road, as well as from sales for light-industrial purposes in the immediate vicinity.
We are unable to say that the trial court committed manifest error in accepting the valuation of $2,350 per acre estimated by the defendant landowner’s appraisers. We see no reason to repeat our trial brother’s excellent analysis of the evidence and his specific reasons for finding the comparables relied upon by the landowner’s experts to be more realistic than those chosen by the equally competent experts selected by the highway department.
We may say, for instance, that the low valuation of the Department’s experts was partly based upon a 1961 Lacy-Breaux sale, which showed a valuation of back acreage at $600 per acre. See Tr. 116 — 120. However, part of the same back acreage was sold to the state for highway purposes at $1,426 per acre on June 11, 1964, within two days of the present taking. See D-12, introduced at Tr. 143; Tr. 117-120. In Louisiana, a sale to an expropriating authority may be considered in determining the value of other property taken in the vicinity (even though such sale cannot be controlling since not a willing seller-willing buyer transaction). Gulf States Utilities Co. v. Norman, La.App. 3 Cir., 183 So.2d 421, 427 (syllabus 6), and many cases cited there.
The Department points out, however, that this court recently affirmed the conclusion of another trier of fact, based upon much the same evidence of comparables, that a tract just across the road from the present was worth only $1,800 per acre. State Through Dept. of Highways v. Sonnier, La.App. 3 Cir., 213 So.2d 182. In the first place, as we previously noted, awards in other expropriation suits are persuasive but not controlling (if introduced into evidence, as this was not). In the second place, although the subject tracts in the two suits may indeed be quite similar, there is no evidence that they are of identical value; for instance, the strip in the present tract was bounded both on the east and on the west by roadways, while there is no showing that the Sonnier taking was similarly favored.
Finally, and most important, in expropriation cases the trial court’s resolution of factual evaluations should not be disturbed in the absence of manifest error. State, Through Dept. of Highways v. Tolmas, 238 La. 1, 113 So.2d 288. Although a factual issue (such as valuation) may be common to two suits, a factual determination made in one suit involving one person is not res judicata or binding in another suit involving a different party or parties. Knighten v. American Automobile Ins. Co., La.App. 1 Cir., 121 So.2d 344, certiorari denied. The different triers of fact might validly reach different results, and yet neither result might be disturbed by the reviewing court due to the doctrine that the lower court’s factual evaluation should not be disturbed upon appeal in the absence of manifest error. Knighten v. American Automobile Ins. Co., cited above.
For the foregoing reasons, we affirm the judgment of the trial court. The costs are assessed against the Department-appellant.
Affirmed.