SAVOY, Judge.
Plaintiff filed this expropriation suit against defendant in connection with a highway project which had for its purpose to widen U. S. Highway 190 so as to change it from a two-lane highway to a four-lane highway. This project was designated as the Savoy-Eunice Project in St. Landry Parish, Louisiana.
At the time of the taking defendant owned an irregular tract of land containing 79.475 *74 acres located on the north side of U. S. Highway 190 and about three miles east of the City of Eunice, Louisiana. There was a partial taking of a parcel belonging to defendant containing 7.945 acres, which tract runs in a north-east direction and forms a slight “S” curve. On the west side of the taking remains 57.29 acres, and to the east of the taking remains 14.24 acres. Plaintiff also expropriated approximately 900 feet of fencing from defendant’s property. Before the taking the subject property had a frontage on old U. S. Highway 190 of 1300 feet. This has not been disturbed by the taking.
As a result of the taking and the proposed construction defendant will have non-controlled frontage on both sides of enlarged U. S. Highway 190 of approximately 4000 linear feet.
At the time of the taking plaintiff deposited in the Registry of the Court the sum of $6,623.00 as just compensation for the land and fencing taken.
After a trial on the merits the district court .awarded defendant $19,068.00 or $2,-400.00 per acre for the 7.945 acres taken; or $12,455.00 in excess of the amount deposited together with interest on said sum. Severance damages were denied. Plaintiff appealed. Defendant answered the appeal praying for severance damages and .an increase in the award for the parcel expropriated, and also for an additional sum for new fencing.
Two experts testified on behalf of plaintiff, namely, Mr. Allen Angers and Mr. Stanley A. Tiger. Mr. F. J. Derouen .and Mr. John W. Wilson testified for defendant.
Plaintiff’s experts used the market data approach in determining the value of the property expropriated. They used various comparables which are fully set forth on a map introduced in evidence as “P-21”. They testified, in substance, that the front 200 feet of the property is classified .as commercial, and the remainder is classified as agricultural. They placed a value on said property of $800.00 per acre. The expert witnesses for defendant placed a value on said property of approximately $5,000.00 per acre. These witnesses admitted that of the five comparables used by them, three were not applicable.
The district judge did not give specific reasons for the award of $2,400.00 per acre. In examining the comparables introduced in the record, we feel that the award made by the district judge may be on the high side, but we find no manifest error in his conclusion. See State v. Martin, 215 So.2d 142, 143 (La.App. 3 Cir. 1968).
The trial court denied any severance damages. We agree. By virtue of the enlarged U. S. Highway 190, defendant has a total of 4,000 linear feet fronting on both sides of the highway. This more than offsets any severance damages defendant may have suffered due to his property being separated.
We feel that the district judge included in his award of $2,400.00 per acre a sufficient sum to take care of fencing. The expert testimony was that it would cost $.25 per foot to fence said property.
Counsel for plaintiff complains in his brief filed in this Court that Messrs. Wilson and Derouen should not receive any fees since they did not qualify as experts; and in any event, they should not receive a fee for preparing for the case since they did very little work in connection therewith. We have examined the record and cannot say that the trial judge abused his discretion in awarding these two gentlemen expert fees.
For the reasons assigned the judgment of the district court is affirmed at appellant’s costs.
Affirmed.