(40 South. 688.)

No. 15,858.

MUNTZ v. ALGIERS & G. ST. RY. CO. et al.

(Jan. 15, 1906.    Rehearing Denied Feb. 26, 1906.)

JUDGMENT—RES JUDICATA.

Plaintiff brought an action in the civil district court for the parish of Orleans for damages for the death of his child, caused, it is alleged, by the fault of a driver of a car belonging to and operated by the Jefferson Railway Company. It was alleged that the latter company was the lessee of the Algiers & Gretna Railway Company. Both companies were made defendant, and a judgment against them in solido prayed for. The accident was

alleged to have taken place in the parish of Jefferson, the domicile of the lessee company. An exception filed by that company to the jurisdiction of the court was sustained, and the demand dismissed as to it. The Algiers Company excepted that it was not liable for the acts of the lessee in operating its cars. The exception was sustained, and the demand dismissed, but the judgment was reversed on appeal, and the suit reinstated.

The defendant pleaded the general issue, and reversed its claim of nonresponsibility for the acts of the Jefferson Company.

In the meantime the plaintiff renewed in the parish of Jefferson its demand against the lessee company on the same cause of action, and judgment was rendered against the plaintiff in favor of the defendant. That judgment was not appealed from.

The defendant in the original suit pleaded this judgment as res judicata and as a bar to any demand against it. The plea was overruled. Defendant then called the Jefferson Company in warranty. It answered the call, and also pleaded as res judicata against the demand of the plaintiff and its warrantor the judgment which had been rendered in its own favor. The jury returned a verdict in favor of the plaintiff against the Algiers & Gretna Company. The court rendered judgment accordingly, and in favor of the Algiers & Gretna Company against the Jefferson Company on its warranty. Both companies appealed.

*Held*, the judgment in favor of the lessee company on the merits and upon grounds not personal to that company was a bar in a subsequent suit on the same cause of action against the lessor company.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by George Muntz against the Algiers & Gretna Street Railway Company and others. Judgment for plaintiff, and defendants appeal. Reversed, and suit dismissed.

Frank Edward Rainold (McCloskey & Benedict, of counsel), for appellant Algiers & G. Ry. Co. Alfred Elias Billings and Rufus Edward Foster, for other appellants. P. F. & W. J. Hennessey, for appellee.

## Statement of the Case.

NICHOLLS, J. This case, under differing situations, has been before us three times; first appearing as Muntz v. A. & G. Ry. Co. et al., reported in 111 La. 423, 35 South. 624, 64 L. R. A. 222, 100 Am. St. Rep. 495, next as Muntz v. The Algiers & Gretna Ry. Co., 114 La. 437, 38 South. 410, and lastly as Muntz v. Jefferson Ry. Co. et al., 114 La. 860, 38 South. 586.

In the first suit the plaintiff sued the Algiers & Gretna Railway Company and the Jefferson Railway Company in solido in the civil district court for the parish of Orleans, seeking to recover the sum of $15,000 in damages for the death of his minor daughter, who, he alleged, was knocked down and run over by a car through the fault and negligence of the driver of the car then being run and operated by the employés of the Jefferson Railway Company. The latter company excepted to the jurisdiction of the civil district court on the ground that the accident occurred in the parish of Jefferson, the domicile of the company. The exception was sustained, and the suit, as to exceptor, was dismissed. Thereafter the plaintiff brought the same suit on the same cause of action for the same amount against the Jefferson Railway Company in the district court for the parish of Jefferson.

That case was finally brought to trial there on the merits, and judgment rendered therein in favor of the defendant. That judgment became final, not having been appealed. In the original suit, the Algiers & Gretna Company excepted that it was not responsible for the accident on the ground that it had leased out its road, that the accident occurred while the road was being operated by the lessee, and that it was not itself responsible for the acts of negligence of the lessee or its employés. That particular issue was tried by consent. The exception was sustained by the civil district court, and plaintiff's suit dismissed. Plaintiff appealed, and on appeal the judgment was reversed and the case remanded. The syllabus of the case on appeal declared "that a railroad corporation was liable for injuries caused by the wrongful or negligent

operation of the cars upon its road, whether operated by itself or another corporation to which it had leased it."

On the remanding of the case the Algiers & Gretna Company filed a general denial. It set up de novo on the merits that, if there was liability to the plaintiff in the premises, it was not itself liable for it, as the injury would have been occasioned in fact by the fault and negligence of the lessee. It set out the fact of the lease by it of the road, and of the lessee having by contract bound itself to run said road entirely at its own expense and to pay all damages which might be occasioned by the running on said road or by the condition of the tracks, and defend all suits that might be brought against said railroad. It asserted its right to call the lessee in warranty. It prayed that it be made a party to the suit as warrantor, and, in the event judgment should be rendered against it, it prayed for a corresponding judgment against the lessee.

Shortly after this the Algiers & Gretna Company, reciting the fact that the suit of the plaintiff in the district court for Jefferson against the Jefferson Railway Company had been sent to trial and had terminated in a final judgment in favor of that defendant and against the plaintiff, pleaded that judgment as res judicata and as an absolute bar to the prosecution of the claim of the plaintiff against itself. The exception of res judicata pleaded by defendant was overruled.

The lessee excepted to plaintiff's demand and to the right of the defendant to call it in warranty, and pleaded as res judicata the final judgment in its favor and against the plaintiff which had been rendered by the district court of Jefferson parish. The court sustained the lessee's exception of no cause of action to plaintiff's petition and to the call in warranty, and the call in warranty was, as to the lessee, dismissed. The Algiers & Gretna Company appealed.

On appeal, this court decreed that the exception of no cause of action should have been overruled, and remanded the cause for further proceedings.

The lessees appeared and answered plaintiff's demand and defendant's call in warranty. They pleaded the general issue. They denied that either they or the Algiers & Gretna Railway Company were liable and (contingently) pleaded contributory negligence on the part of the child who was killed. They recited the final judgment rendered in their favor and against the plaintiff by the district court of Jefferson in the suit against themselves, and pleaded the same as res judicata and a judicial estoppel as to all claims of plaintiff against them or the Algiers & Gretna Company, which it declared was in privity with it by reason of the contract of warranty entered into. The case went to trial in the civil district court.

In his charge to the jury the district judge said:

"It has been held by the Supreme Court in this same case that the Algiers & Gretna Company are responsible if by any fault of the employés of their lessee, the Jefferson Railway Company, this damage was occasioned. That has been decided. It has also been decided by the Supreme Court in this very case that the lessees are liable in warranty for any damages which may have occurred under the same conditions. Therefore I charge you, gentlemen of the jury, that if you find that a suit has been instituted by this plaintiff, father of the child, in the court of the parish of Jefferson, against the Jefferson Railway Company, and that the judgment in that case is now final in defendant's favor, your duty is to stop your investigation and to go no further, but to return a verdict in favor of the defendant. It would be an idle piece of business to disregard that judgment, whether right or wrong, if it now be final. You have no appellate powers over that court and I have no appellate powers over the district court of the parish of Jefferson. If any error was committed by the judge of that parish, an appeal should have been taken to the Supreme Court of the state to have those errors corrected. If you find that a judgment has been rendered by that court, a judgment which is now final upon this very controversy, your duty is to end your investigations right there and return your verdict in favor of the defendant. I will read you

the law upon that subject. It is article No. 2286 of the Civil Code. 'The authority of the thing adjudged'—we call it in law 'res judicata'; it is the Latin of that term—'takes place only with respect to what was the object of that judgment. The thing demanded must be the same.' You take that record to your jury room, and you must be satisfied from it that the thing demanded in that case, in the district court, in the parish of Jefferson is the same as the demand made here. The thing demanded must be the same. The demand must be founded on the same cause for action. The cause of action here is the negligence of this Jefferson Company in running over this child and taking its life. You must inquire from the petition in this case to see if that was the cause of the action propounded in that case. The demand must be made between the same parties and formed by them against each other in the same quality. Now, if all of these essentials in those particulars concur, which you will find by examining that petition which was passed on in the parish of Jefferson and comparing it with the petition you read here, if you find all the essentials are the same, and the judge of that district court has rendered a judgment, which is now final, that ends the controversy. It may be that you will find there is one defendant in that suit, whereas the defendant here is a different one. It may be you will find the Jefferson Railway Company was defendant in that suit, and that the Algiers & Gretna Company is the defendant here, with these other parties called in warranty. I charge you it makes no difference, if you find the controversy has been determined there in favor of the Jefferson Railway Company. There is a legal identity between that company and the Algiers & Gretna Railway Company, which would make that judgment binding, not only in regard to the Jefferson Railway Company, but also in regard to the Algiers & Gretna Railway Company. In other words, if the final judgment in that case over there is on the same case as here, which you will ascertain from the petition, it will end this controversy absolutely and be the judgment accordingly.

"Your duty is to respect the judgments of the courts of the country and go no further."

The court further said to the jury:

"Plaintiff's attorney [Judge Hennessey] requests me to give you this charge: 'That, if the question of res judicata has been waived of record in this case, the judgment on the question should be in favor of plaintiff, and that the same question cannot be urged by the warrantors in this case, at this stage of the proceedings, because they are estoppel of record from so pleading said exception at this time. A judgment on the question of res judicata having been rendered in favor of plaintiff, it cannot be again pleaded by the warrantors against the plaintiff, they being bound by said judgment against the defendant; and allow-

ing another under the call in warranty to set up the defense at this time amounts to a waiver, cannot be again adjudicated on.'

"I cannot give you that charge as it is requested. I will state to you that a party having this exception of res judicata in his favor may waive it. He may waive it by not pleading it; but if he pleaded the exception, and had not put a formal waiver upon record or otherwise abandoned it, the court (if the plea be insisted upon) would have to pass upon that exception, as well as any other feature of the case."

The jury returned a verdict in favor of the plaintiff and against the defendants in the sum of $5,000, and in favor of the Algiers & Gretna Railway company against the warrantors in the same amount.

Defendant and the warrantors moved for a new trial on the ground that it was contrary to the law and the evidence and to the charge of the court. They specially urged that the evidence showed that plaintiff brought the suit No. 265 of the docket of the district court for the parish of Jefferson, in which he claimed from the Jefferson Railway Company, a warrantor herein, the same amount and upon the same cause of action as in his claim against the defendant herein, and that said suit was regularly put at issue by answer filed, and thereafter was regularly tried upon its merits, and a judgment was rendered in favor of said warrantor and against plaintiff, and that at the time said cause of action arose said warrantor was the servant and sublessee of said defendant, and that privity existed between all the warrantors and defendant, and that said defendant's railroad at the time of said cause of action arose was solely operated and exclusively controlled by said warrantor as the servant or sublessee or agent of the defendant. Movers therefore proved that said judgment rendered by the district court of the parish of Jefferson is res judicata between the plaintiff and the said warrantor and all the privities of said warrantor, and particularly the defendant as lessor and owner of the railroad, because

the two suits arose out of the same cause of action; and movers further show the court that the jury was charged and instructed that, in case it should find the facts proven as above stated, then in that case they should go no further in the examination of the evidence, but should find a verdict in favor of the warrantors and defendant, which charge of this honorable court said jury disregarded.

The court overruled the motion for a new trial and rendered judgment in conformity to the verdict.

The Jefferson Railway Company has appealed, as has also the Algiers & Gretna Railway Company.

### Opinion.

In the brief filed on behalf of the Algiers & Gretna Railway Company it is urged:

First. A judgment in favor of the lessee railroad company is a bar to subsequent suit in the same cause of action against the lessor company. Anderson v. West Chicago Street Railway Co., 200 Ill. 329, 65 N. E. 717.

Second. Where the real actor (none the less liable personally because acting for another) is not guilty, it necessarily follows that the party for whom he acted cannot be. Emery v. Fowler, 39 Me. 326, 63 Am. Dec. 627; Black on Judgments, vol. 2, § 781; Williams v. McGrade, 13 Minn. 48 (Gil. 39); Sonnentheil v. Moody (Tex. Civ. App.) 56 S. W. 1001; Railway Co. v. Goldberg, 2 Ill. App. 228; Featherstone v. Newburg Road, etc., 71 Hun, 109, 24 N. Y. Supp. 603; Castle v. Noyes, 14 N. Y. 329; brief in connection with the case of Doremus v. Root and Oregon Railroad & Nav. Co., 54 L. R. A. 649.

We are of the opinion that the verdict and the judgment therein rendered are erroneous.

The act which gave rise to the present suit was the alleged negligence and carelessness of the driver of a car belonging to the Jefferson Railway Company, in the charge and custody of one of its employés. It is not claimed or pretended that as a fact the Algiers & Gretna Railway Company had anything whatever to do with the operation of the road. Its liability was purely legal, a responsibility resting upon it for the act of a person other than itself. The plaintiff incautiously, and probably injudiciously, thought proper to have the issue as to whether that other person was in fact guilty of a fault tested on the merits of the case contradictorily with that person himself. Both sides (presumably to the best of their ability) supported their respective pretensions by evidence, and the district court on that evidence, and for no reason or ground personal to the defendant, held the defendant to be blameless. As the liability of the Algiers & Gretna Railway Company was essentially and entirely dependent upon damage having resulted to plaintiff or his child, or to himself, from a fault of the Jefferson Company, the moment it was finally judicially determined that that company was not at fault, the controversy necessarily ended.

To hold otherwise would result substantially in forcing the Jefferson Company to pay plaintiff damages for the death of the child by indirection through the Algiers & Gretna Company, which, forced primarily to pay the damages, would recoup upon its lessee, although as between the plaintiff and the lessee the latter had been absolved from all blame. It may be that the judgment of the district court for Jefferson parish was wrong; but, if so, it should have been corrected by appeal. Having been acquiesced in, the judgment has to be now forcedly considered correct.

For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the verdict of the jury and the judgments thereon rendered be, and the same are, hereby annulled, avoided, and reversed. It is decreed

that the plea of res judicata be sustained, and accordingly that plaintiff's demand be rejected and his suit dismissed, with costs at his expense in both courts.