68 So.2d 652 (1953)
McKNIGHT
v.
STATE.
No. 3736.
Court of Appeal of Louisiana, First Circuit.
November 13, 1953.
Rehearing Denied December 18, 1953.
Writ of Certiorari Denied February 15, 1954.
McSween, Eubank & McSween, Alexandria, Durrett & Hardin, Baton Rouge, for appellant.
Fred S. LeBlanc, Atty. Gen., W. D. Atkins, Asst. Atty. Gen., for appellee.
LOTTINGER, Judge.
The plaintiff in this suit is the widow of Howard Luther McKnight, who was killed as a result of an automobile collision which occurred on August 13, 1947, in the Parish of Rapides, Louisiana. She seeks to recover damages for the death of her husband and bases her cause of action on the alleged negligence of employees of the Department of Public Safety, Division of State Police, State of Louisiana. The suit is brought under the authority of Act 228 of the Louisiana Legislature for the year 1952.
The State of Louisiana filed exceptions of no right and no cause of action and of res judicata. The latter was sustained by the trial court and the case is now before us on an appeal taken by the plaintiff.
The trial judge has favored us with written reasons for judgment which we herewith reproduce as follows:
"Plaintiff, alleging that she is the widow of Howard Luther McKnight, deceased, *653 has brought this suit against the State of Louisiana, through the Department of Public Safety, Division of State Police, seeking to recover upon her claim for damages resulting from the death of her husband, alleged to have occurred on August 13, 1947, as a result of the negligence of three certain named employees of the Department of Public Safety, Division of State Police. The suit is brought under the authority of Act 228 of the Legislature of Louisiana for the year 1952, which, omitting the title, reads:
"`Section 1. Be it enacted by the Legislature of Louisiana, That Alline I. McKnight, widow of Howard Luther McKnight, a resident of Grant Parish, Louisiana, is hereby authorized to file suit against the State of Louisiana, through the Department of Public Safety, Division of State Police, upon her claim for damages resulting from the death of the said Howard Luther McKnight, alleged to have occurred on August 13, 1947, as a result of the negligence of persons employed by the Department of Public Safety, Division of State Police, in causing a heavily loaded cattle truck and trailer to be parked on U. S. Highway No. 71 in Rapides Parish, Louisiana, causing an automobile accident resulting in the death of the said Howard Luther McKnight.
"`Section 2. That said suit may be instituted before the District Court at the State Capitol or before the Ninth Judicial District Court for the Parish of Rapides, Louisiana.
"`Section 3. That the defendant in the suit herein authorized shall not be entitled to file a plea of prescription barring said claim; provided, that any suit under authority granted herein shall not be filed any later than November 13, 1952.
"`Section 4. That, except as otherwise herein expressly provided, the procedure in said suit or suits shall be the same as in suits between private litigants.
"`Section 5. That nothing in this Act shall be construed as conferring on the said Aline I. McKnight any different or greater claim or cause of action than she had before the passage of this Act, the purpose of this Act being merely to waive the State's immunity from suit insofar as the suit or suits hereby authorized are concerned.'
"Defendant's employees charged by plaintiff with negligence resulting in the death of her husband are Sergeant W. A. Penny, Trooper E. C. Lyles, and Trooper Philip Higdon. (Penny's second initial is probably E.)
"To plaintiff's petition defendant has filed exceptions of no cause and no right of action, and of res judicata, and these exceptions are presently before the court for disposition. The exception of res judicata will be considered first.
"In support of his exception of res judicata defendant shows that plaintiff filed a suit in the Ninth Judicial District Court, Rapides Parish, Louisiana, against the three police officers named above, and others, in connection with the same accident and setting up the same cause of action as here alleged; that her demands were rejected by that court; and that this decision of the district court was affirmed by the Court of Appeal, Second Circuit, State of Louisiana. See McKnight v. Tatman, 53 So.2d 191, and McCain v. Tatman, 53 So.2d 187. In the McCain case, with which the McKnight case was consolidated for trial, the Court of Appeal, referring to the same accident and the same three police officers here involved, said:
"`As regards the charge of negligence against the Sergeant and the two Troopers, we experience no difficulty in exonerating them from any degree of actionable negligence for the part each played in the tragic accident.' [53 So.2d 191.]
"Plaintiff apparently contends that by the passage of Act 228 of 1952, the Legislature waived the right of the State to set up the defense of res judicata. The short answer to this contention is, it could not make this waiver had it so desired, and Section 5 of the act specifically negatives this contention. However, Section 5 was not necessary; *654 the Constitution covers the situation. Section 35 of Article 3 of our State Constitution, as amended in 1946, reads:
"`Whenever the Legislature shall authorize suit to be filed against the State it shall provide the method for citing the State therein and shall designate the court or courts in which the suit or suits authorized may be instituted and may waive any prescription which may have accrued in favor of the State against the claim or claims on which suit is so authorized. The procedure in such suits, except as regards citation and original jurisdiction, shall be the same as in suits between private litigants, but no judgment for money rendered against the State shall be satisfied except out of monies appropriated by the Legislature for the purpose. For the purpose of such suits the State shall be considered as being domiciled in the Capitol. No such suit shall be instituted in any court other than a Court of Louisiana. Except as otherwise specially provided in this section, the effect of any authorization by the Legislature for a suit against the State shall be nothing more than a waiver of the State's immunity from suit insofar as the suit so authorized is concerned.'
"It is clear that when the Legislature authorizes a suit to be filed against the State it can waive but two things: the state's immunity from that suit, and prescription.
"I know of no decision of a higher court of this state interpreting the quoted section of the Constitution as amended in 1946. Prior to the adoption of the 1946 amendment, the section read:
"`Whenever the Legislature shall authorize suit to be filed against the State, it shall provide a method of procedure and the effect of the judgments which may be rendered therein.'
"It is evident that decisions involving the original section are not applicable here. However, in this connection, it is interesting to note the dissenting opinion of Judge Dore of the Court of Appeal, First Circuit, in the case of Crain v. State, 23 So.2d 336, 340. The majority opinion in that case held that the Act authorizing plaintiff to sue the State through the Department of Highways granted plaintiff a cause of action in tort, when, except for the act, he would have been restricted to a suit under the Compensation law. In his dissenting opinion Judge Dore made this pertinent observation:
"`My experience in the Legislature leads me to say that the members of the Legislature are not informed of the facts in any given case, they being given the mere fact that the individual desires to sue the State or its political subdivision for any specific cause of action, desiring that the Legislature lay down the barrier, and allowing the Court to determine whether the individual has a cause of action, both in law and in fact. This is the proper procedure in that under our form of government there are three independent branches, namely, the Executive, the Legislative and the Judiciary. It is the Judiciary's function to determine whether or not an individual has a cause of action, both in fact and in law, against the State or its political subdivisions rather than the Legislature.'
"It is highly probable that the impact of Judge Dore's dissenting opinion was responsible for the amendment of the constitutional section in question, the decision being handed down a few months prior to the 1946 session of the Legislature. Prior to the amendment of the section, any contrary opinion in the mind of this Court must, of course, have yielded to the majority opinion of the higher court in the Crain case. Now, happily, the plain language of the amended section places in the Constitution the provision that Judge Dore strove to place in the jurisprudence by interpretation.
"In my opinion plaintiff's contention that the state has waived its right to interpose a plea of res judicata is unsound.
"The doctrine of res judicata in Louisiana is defined and its application indicated by the Supreme Court in the recent case of Durmeyer v. Streiffer, 215 La. 585, 41 So.2d 226, 229, where that court said:
*655 "`In Louisiana the doctrine of res judicata is much more restricted than at common law. (Citing case.) With us it is of statutory declaration, and its scope is defined and limited by the provisions of Revised Civil Code Article 2286. (Citing cases.) The authority of the thing adjudged, hence, must be tested by the three requisites of that article.'
"These three requisites are:
"1. The thing demanded must be the same;
"2. The demand must be founded on the same cause of action;
"3. The demand must be between the same parties, and formed by them against each other in the same quality.
"It cannot be disputed that the first two of these requisites are met here. The dispute involves the third requisite.
"Plaintiff's able and elaborate brief cites and discusses an abundance of authorities which support the pronouncement of the Supreme Court in the Durmeyer Case. However, so far as I can determine, none of these authorities covers the precise question here involved; Can this plaintiff maintain an action against the State, based entirely on a charge of negligence on the part of three officers, all of whom have been judicially exonerated from any degree of actionable negligence by the Ninth Judicial District Court, with its decree affirmed by the Court of Appeal?
"A definite exception to the third requisite set forth in LSA-Civil Code Article 2286 appears to be made in the case of Muntz v. Algiers & Gretna Street Ry. Co., 116 La. 236, 40 So. 688. A clear and concise statement of the holding in that case is found in the annotation in 133 A.L.R. at page 193:
"`Where the liability of the lessor of a railway for injuries or death depended upon the negligence of the lessee, a judgment for the lessee in a death action was held to bar a subsequent action against the lessor company for the same death, the controversy having necessarily ended the moment that it was finally judicially determined that the lessee was not at fault.'
"In the Muntz case the Supreme Court said [116 La. 236, 40 So. 690]:
"`The act which gave rise to the present suit was the alleged negligence and carelessness of the driver of a car belonging to the Jefferson Railway Company, in the charge and custody of one of its employes. It is not claimed or pretended that as a fact the Algiers and Gretna Railway Company had anything whatever to do with the operation of the road. Its liability was purely legal, a responsibility resting upon it for the act of a person other than itself. The plaintiff incautiously, and probably injudiciously, thought proper to have the issue as to whether that other person was in fact guilty of a fault tested on the merits of the case contradictorily with that person himself. Both sides (presumably to the best of their ability) supported their respective pretensions by evidence, and the district court on that evidence, and for no reason or ground personal to the defendant, held the defendant to be blameless. As the liability of the Algiers and Gretna Railway Company was essentially and entirely dependent upon damage having resulted to plaintiff or his child, or to himself, from a fault of the Jefferson Company, the moment it was finally judicially determined that that company was not at fault, the controversy necessarily ended.'
"Although this decision was handed down nearly forty-seven years ago, it does not appear that it has ever been cited by any of our higher courts, with the possible exception of a case in 10 Ct.App. 241, referred in Sheppard's Citations. I have not seen that case.
"The Muntz decision is consonant with reason and common sense. It appears to make a definite exception to the third requisite set forth in LSA-Civil Code Article 2286. The principle enunciated there is, in my opinion, clearly applicable to the instant case and decisive of the question here involved.
*656 "For these reasons the exception or plea of res judicata is maintained and plaintiff's suit is dismissed at her cost. Judgment will be signed accordingly.
"In view of the foregoing it is not necessary to consider the exceptions of no cause and no right of action."
We believe the findings and conclusions of the trial judge to be eminently correct and adopt them as our own. While counsel for plaintiff has presented us with an able and exhaustive brief, we do not find raised therein, any point which was not adequately disposed of by the trial judge's opinion. Counsel for plaintiff is unable to effectively distinguish the Muntz Case relied upon by the trial judge and we have no alternative but to follow its holding.
For the reasons assigned, the judgment appealed from is affirmed.
Judgment affirmed.