Sargent **CAUEFIELD** and **Jim Lucas,** Appellants,

v.

The **FIDELITY AND CASUALTY COMPANY OF NEW YORK** et al., Appellees.

No. 23412.

United States Court of Appeals Fifth Circuit.

June 15, 1967.

7. Menendez, 1 Cir., 373 F.2d 488, 490.

J. D. DeBlieux, Baton Rouge, La., for appellants.

Robert J. Vandaworker, Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, La., for Southern Farm Bureau Cas. Ins. Co.

Maurice J. Wilson, of Breazeale, Sachse & Wilson, Baton Rouge, La., for defendant-appellee, Fidelity & Casualty Co. of New York.

Before HUTCHESON, GEWIN and THORNBERRY, Circuit Judges.

HUTCHESON, Circuit Judge:

These cases, consolidated for trial, were brought by Sargent Cauefield and Jim Lucas to recover damages for the alleged desecration of a Louisiana cemetery in which relatives of theirs are buried. The district court granted a motion by defendants to dismiss on the theory that the suit was foreclosed by the doctrine of judicial estoppel, as ap- plied in Louisiana, due to a previous state court judgment which denied a similar claim made with respect to the same cemetery. We affirm.

The background details of this controversy and the legal principles involved were set forth in full in the opinion of the district court reported at 247 F.Supp. 851. It, therefore, suffices that they be summarized only briefly here. The owner of a tract of land on which a cemetery is located in Louisiana, feeling that the cemetery had become too overgrown with brush, decided to clear the land. In March, 1956, he hired a dirt contractor to help him do so. After the land was cleared, a total of forty-one relatives of those buried in the cemetery filed numerous suits in the state courts, therein alleging that the cemetery had been desecrated as a result of the cleaning operations. One of those suits, filed by one Sid Thomas against the cemetery owner, the contractor, and their insurers, was commenced and tried before a jury. In the trial lasting nine days, all the interested relatives testified, and the appellants here were active participating witnesses. After all the evidence relating to desecration was presented, the jury found that no desecration had occurred, and the verdict was affirmed on appeal.

The instant case was filed originally by appellants in the court below in November, 1956. The record shows that the matter was continued indefinitely until after completion of the *Thomas* case in the state courts. It was not until the *Thomas* case was concluded that this case was considered on its merits. Defendants' motion to dismiss was granted in 1965. It thus appears that the *Thomas* case tacitly was intended to resolve all the numerous identical claims that the cemetery had been desecrated. Nevertheless, after appellate procedures in the *Thomas* case were exhausted, appellants Cauefield and Lucas, represented by the same attorney who had represented Thomas and all the other plaintiffs in the state courts, requested the same relief from the court below which had

been denied to Thomas by the Louisiana state courts.

█ The appellants concede that the issues concerning desecration which they ask to be tried in federal court would be identical to those already tried in the state court and resolved against Thomas. The appellants also concede that the evidence and testimony they would be able to produce would not differ in the least from that which they themselves and the other relatives presented and which was passed on in the *Thomas* case. These two concessions are particularly significant in light of the proof necessary to support an allegation of cemetery desecration in Louisiana. The plaintiff needs only to prove that *any part* of the cemetery has been desecrated. Humphreys v. Bennett Oil Corp., 195 La. 531, 197 So. 222, 228 (1940). Thus it was not necessary for Thomas to have proved that his own relative's grave had been disturbed; it would have been sufficient for the jury to have accepted the testimony of any witness, including appellants, that any grave in the cemetery had been desecrated. Consequently, it is clear that all evidence favorable to appellants which could be presented in another trial has already been rejected by the state courts. Nonetheless, they insist that the district court was in error in applying the doctrine of judicial estoppel for the reason that, the plaintiffs of this case being different from that in the *Thomas* case, the alleged requirement that the parties in the two cases be identical is lacking.

█ We observe at the outset that under Louisiana law, which governs this diversity action, the doctrine of res judicata plainly does not apply to the instant case. The concept of res judicata is strictly defined by the Louisiana Civil Code [1] to require identity of parties, and the state courts have applied this definition uncompromisingly.

█ On the other hand, the doctrine of judicial estoppel, a common-law concept recognized in Louisiana, California Co. v. Price, 234 La. 338, 99 So.2d 743, 747 (1957), has been viewed less rigidly. Although identity of parties also is generally considered a requisite for its application, the Louisiana courts have seen fit to fashion exceptions in circumstances analogous to those presented here. We conclude that the underlying principle of those exceptions also controls the instant case.

The first case making such an exception was Muntz v. Algiers & G. St. Ry., 116 La. 236, 40 So. 688 (1906). In the plaintiff's first suit for negligence against a lessee of a railroad, it was decided that the lessee was not negligent. The plaintiff subsequently proceeded against the lessor railroad on the theory that it was liable vicariously for its lessee's negligence which the plaintiff attempted to have litigated again. The Louisiana Supreme Court held that the former judgment in favor of the lessee barred the subsequent suit against the lessor even though the defendants were not identical. A similar holding obtained in McKnight v. State, 69 So.2d 652 (La. Ct.App.1953). There the plaintiff had lost a suit based on negligence against three state police officers. He then sued the state, the employer of the officers, seeking to apply the doctrine of respondeat superior. Relying on *Muntz,* the court dismissed the latter suit.

The Louisiana Supreme Court recently has commented on those two cases. In Williams v. Marionneaux, 240 La. 713, 124 So.2d 919 (1960), although it first noted that both *Muntz* and *McKnight* had been erroneously founded on the doctrine of res judicata due to the absence of identity of parties, it nevertheless approved the results reached and their rationale "that a plaintiff's cause of action abates against the person sec-

---

1. Art. 2286, LSA–Civil Code provides: "The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; *the demand must be between the same parties,* and formed by them against each other in the same quality." (emphasis added).

ondarily liable when it is shown that he has already litigated with the tortfeasor [who has been] held to be without fault. *Accordingly, a plea in bar of judicial estoppel would have been appropriate procedurally.*" 124 So.2d at 922.[2] (emphasis added).

This principle again was expressed in Bowman v. Liberty Mut. Ins. Co., 149 So.2d 723 (La.Ct.App.1963). The plaintiff had sued the employer first in a federal district court to recover damages arising from the alleged negligence of the defendant's employee while acting in the scope of employment. After losing that suit, plaintiff brought an action in the state court against the employee. The state court declared that the real issue, the employee's negligence, had already been determined and that to permit a new trial would only condone a multiplicity of trials. Notwithstanding the defendants were not the same, the second suit was dismissed.[3]

■ This line of cases evidences a willingness by the Louisiana courts to relax the identity-of-parties requirement with respect to the application of judicial estoppel where it will prevent fruitless relitigation of an issue which already has been judicially determined. Thus far this attitude seems to have found expression only where vicarious or secondary liability is involved, such as that arising out of an employer-employee or lessor-lessee relationship. We are convinced, however; that presented with the unusual facts of the case before us, the Louisiana courts also would find that appellants are estopped by the state court judgment in order to preclude relitigation of the desecration issue. In reaching this opinion, we think it significant that the nature of this issue is such that desecration could have been established in the *Thomas* case by evidence of any relative, including the evidence of-

fered by appellants, that any part of the cemetery had been desecrated. We reiterate that appellants admit that they can come forward with no evidence which was not produced at the Thomas trial. Under these circumstances, we are further convinced that absolutely nothing would be gained were appellants permitted to pursue their action in the federal courts. We therefore hold that under the particular facts of this case the district court correctly applied the doctrine of judicial estoppel in granting the motion to dismiss.

The judgment is affirmed.

2. This language was criticized in McMahon, Civil Procedure, 22 La.L.Rev. 370, 374 n. 16 (1962).

3. The court in Bowman relied on res judicata for its decision. The reasoning of

Williams v. Marionneaux, supra, indicates that this case should be regarded the same as were *Muntz* and *McKnight:* the result is correct since the application of judicial estoppel would have been appropriate.