Goldie **FRIEDENTHAL**, Plaintiff,

v.

**Young T. WILLIAMS**, Velma B. Hooper, Lee G. Hooper, Southern Farm Bureau Casualty Insurance Company and General Insurance Company of America, d/b/a Safeco Insurance Company of America, Defendants.

Civ. A. No. 14008.

United States District Court
E. D. Louisiana,
New Orleans Division.

July 7, 1967.

Wilson M. Montero, Jr., Raymond H. Kierr, New Orleans, La., for plaintiff.

H. F. Foster, III, P. A. Bienvenu, New Orleans, La., for General Ins. Co. of America.

Stephen T. Victory, Ben C. Toledano, New Orleans, La., for Velma S. Hooper and Lee G. Hooper.

## ON MOTION FOR SUMMARY JUDGMENT

CASSIBRY, District Judge:

This matter came before the Court on June 28, 1967. Defendants Velma and Lee Hooper and General Insurance Company of America move for summary judgment, alleging that all pertinent factual issues in the suit have been previously determined by a court of competent jurisdiction. Defendants plead res judicata and, in the alternative, judicial estoppel.

This suit grew out of an automobile accident which occurred on November 7, 1962 on U. S. Highway 61 at its intersection with Waldo Street in Metairie, Louisiana. Mrs. Velma Hooper was stopped in the left eastbound lane of the highway with her wheel turned to the left and her car angled to the left preparatory to executing a left turn across the westbound lane of traffic. Young T. Williams, in another automobile, struck her vehicle in the rear propelling it, not forward but directly into the westbound lane of travel where it was immediately struck by a westbound vehicle driven by Ben Friedenthal. Mrs. Friedenthal, a guest passenger of Mr. Friedenthal, was seriously injured. Mrs. Friedenthal filed the instant suit on November 6, 1963 alleging that all three drivers, including her husband, were negligent.

On November 5, 1963, Ben Friedenthal filed suit for damages in Jefferson Parish, Louisiana, against Velma Hooper, Young T. Williams and their insurers. Williams' insurer was dismissed from the suit on a showing that Williams was not insured by them at the time of the accident. The Jefferson suit was tried and decided by the Judge who gave written reasons for judgment. The Judge found Williams' negligence the sole proximate cause of the accident, and specifically found that Friedenthal and Hooper were free of negligence.

In the instant suit, Williams and his insurer and Hooper's insurer were dismissed from the case for reasons not pertinent to the disposition of this motion.

Defendants contend that this suit would involve a re-trial of the question of Hooper's and Friedenthal's negligence and that res judicata and/or judicial estoppel bar a re-trial of those issues.

■ The Louisiana doctrine of res judicata is set forth in Article 2286 of the Louisiana Civil Code. It is stricti juris and, before it may be invoked, the thing demanded must be the same, the demand must be founded on the same cause of action, and the demand must be between the same parties. Because of this strict interpretation, res judicata would not be applicable here for although the thing demanded and the cause of action are the same, the parties are not identical. Without going into the question of whether Mr. Friedenthal was in fact Mrs. Friedenthal's privy, identity of parties is lost where there are several different parties as there are here.

■ On the other hand, judicial estoppel, which is recognized in Louisiana, The Calif. Co. v. Price, 234 La. 338, 99 So.2d 743 (1957); Williams v. Marioneaux, 240 La. 713, 124 So.2d 919 (1960), is given a less rigid construction.

■ The United States Fifth Circuit Court of Appeals' decision in Cauefield v. The Fidelity and Casualty Co. of New York, et al., 378 F.2d 876, June 15, 1967, applied the doctrine of judicial estoppel in a similar case. That Court pointed out that the Louisiana cases have shown a willingness "to relax the identity-of-parties requirement with respect to the application of judicial estoppel where it will prevent fruitless relitigation of an issue which already has been judicially determined." In noting that exceptions had been made so far only where vicarious or secondary liability is involved, the Court found very significant the fact that in their case all the issues to be tried in fed-

eral court were identical to those already tried in state court and that the evidence and testimony would not differ even though the parties were not the same. Under these circumstances, judicial estoppel was clearly applicable.

In the instant case the negligence of every party was at issue in the state court proceedings. Those issues were finally adjudicated. Plaintiff is judicially estopped from a re-trial of those issues. It would be manifestly unjust to allow one, by re-arrangement and addition of parties, to have access to several forums in which to attempt to recover favorable judgments on the same cause of action.

For the above reasons, the motion of defendants, Velma and Leo Hooper and General Insurance Company of America for summary judgment is granted.