**Lucius J. BREELAND,**
**Plaintiff-Appellant,**

v.

**SECURITY INSURANCE COMPANY OF**
**NEW HAVEN, CONNECTICUT,**
**Defendant-Appellee.**

**No. 27843**

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Nov. 10, 1969.

Ponder & Ponder, L. B. Ponder, Jr., Amite, La., for plaintiff-appellant.

P. A. Bienvenu, Bienvenu & Culver, New Orleans, La., for defendant-appellee.

Before GEWIN, DYER and CARSWELL, Circuit Judges.

DYER, Circuit Judge:

Appellant Breeland brought this suit to recover on a home insurance policy for loss due to fire. He appeals from an adverse summary judgment which was based upon his prior criminal conviction for fraud in reporting the value of the fire loss. We affirm.[1]

Breeland had purchased a dwelling in April, 1960 for $3,000.00. The prior owner had the dwelling and contents insured for $7,000.00 and $2,000.00 respectively with an insurer other than the defendant in this suit. In June of 1960 defendant issued a policy insuring the house for $12,000.00 and the contents for $4,800.00. On August 4, 1960 the house and contents burned.

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526.

When the defendant refused to pay on the policy, Breeland brought this action to recover judgment for the full amount of the coverage on the house ($12,000.-00) and the contents ($4,800.00). He also sought to recover the Louisiana statutory penalty and attorney's fees, alleging defendant's arbitrary failure to pay the loss.[2] Before this case was heard, Breeland was indicted and convicted in the lower court for use of the mails in furtherance of a scheme to defraud various insurance companies in violation of 18 U.S.C.A. §§ 1341 and 1342. Counts Five and Six, of which Breeland was convicted, related to the insurer, the insurance policy and the loss involved in this action. Those counts charged Breeland with filing a false and fraudulent inventory of contents of the dwelling and a false statement in proof of loss caused by the fire of August 4, 1960.

After Breeland was convicted, both he and the defendant insurer moved for summary judgment in this action. Breeland set forth the issuance of the policy, payment of the premium, and the loss by fire, all of which were uncontroverted, and relied on Louisiana's valued policy law, La.R.S. 22:695, subd. A, which provides that in case of total destruction, without criminal fault on the part of the insured, of immovable property covered under a fire insurance policy, the insurer shall pay the total amount for which the property is insured.[3] The defendant insurer also moved for summary judgment on the ground that its defense—that Breeland knowingly and wilfully over-insured the

house and, after the fire, submitted a fraudulent proof of loss—was conclusively established by virtue of his prior conviction. Defendant's motion was granted.

In this appeal Breeland raises seven specifications of error. The first three of these, taken together, constitute the alternative arguments that fraud cannot be a defense to the insurer under Louisiana's valued policy law, but that even if it is, a prior criminal conviction cannot be res judicata on the issue in a civil suit.

■ Breeland argues that the Louisiana valued policy statute writes into every policy a provision that the insurer shall pay to the insured in case of total destruction of immovable property the total amount for which the property was insured and that, under this statute, the insurer may not go behind the policy to show that the insured's interest is worth less than the amount of the policy.[4] While this may be a true proposition generally, it is inapposite here. The insurer is not attempting to go behind the policy and show that Breeland's interest is worth less than the amount of the policy; its defense is that the entire policy is void because of Breeland's fraud. Notwithstanding the provisions of the valued policy law, Louisiana has consistently held that fraud vitiates a fire insurance policy, at least where, as here, the policy provides, consistent with La.R.S. 22:691(F) relating to standard fire insurance policies, that the entire policy is void if there is any willful concealment or misrepresentation of ma-

---

2. La.R.S. 22:658.

3. La.R.S. 22:695, subd. A reads:
   "A. Under any fire insurance policy, which may be written * * * on any inanimate property, immovable by nature or destination, situated within the state of Louisiana, the insurer shall pay to the insured, in case of total destruction, without criminal fault on the part of the insured or the insured's assigns the total amount for which the property is insured, at the time of such total de-

struction, in the policy of such insurer."

4. Louisiana's valued policy law, R.S. 22:-695, subd. A (see n. 3 *supra*) is applicable only to "inanimate property, immovable by nature or destination" and, therefore, Breeland's contention that the statute controls this case bears only on the $12,000.00 he claims for loss of the house and not on the $4,800.00 claimed for its contents.

terial fact either before or after a loss.[5] Gulf Insurance Company v. Chandler, W.D.La.1961, 193 F.Supp. 339; Harvey v. General Guaranty Insurance Company, La.Ct.App.1967, 201 So.2d 689; St. Paul Fire & Marine Insurance Company v. St. Clair, La.Ct.App.1966, 193 So.2d 821, cert. denied, 250 La. 375, 195 So.2d 646; Welch v. New York Underwriters Insurance Company, La.Ct.App. 1962, 145 So.2d 376.

■ The question which must now be answered is whether the prior criminal conviction for the fraud perpetrated on the insurance company is conclusive of the fraud issue in this civil suit. Because this is a diversity case, the law of the state where the District Court sat controls questions of res judicata and estoppel. Priest v. American Smelting & Refining Company, 9 Cir. 1969, 409 F.2d 1229; Graves v. Associated Transport, Inc., 4 Cir. 1965, 344 F.2d 894; Blum v. William Goldman Theatres, 3 Cir. 1949, 174 F.2d 914; Standard Accident Insurance Company v. Doiron, 1 Cir. 1948, 170 F.2d 206; Caterpillar Tractor Company v. International Harvester Company, 3 Cir. 1941, 120 F.2d 82, 139 A.L.R. 1; Forrester v. Southern Railway Co., N.D.Ga.1967, 268 F.Supp. 194.

■ Appellant Breeland is correct that La.C.C. Art. 2286 precludes the operation of res judicata because there is no identity of the parties in the criminal case and in this action. However, the common law doctrine of judicial estoppel is followed in Louisiana and is given a less rigid construction than the doctrine of res judicata. Cauefield v. Fidelity and Casualty Company of New York, 5 Cir. 1967, 378 F.2d 876, cert. denied, 389 U.S. 1009, 88 S.Ct. 571, 19 L.Ed.2d 606; Friedenthal v. Williams, E.D.La.1967, 271 F.Supp. 524. There

is no Louisiana authority squarely on point holding that judicial estoppel does or does not apply to criminal convictions in civil cases. Therefore, we must decide the case as we believe the highest court of Louisiana would decide it, taking into account not only all currents which indicate which way the *Erie* [6] wind blows, including dicta, Delduca v. United States Fidelity & Guaranty Company, 5 Cir. 1966, 357 F.2d 204, reh. denied, 362 F.2d 1012, but also trends in modern legal thought which we think would be accepted by the Supreme Court of Louisiana, Graves v. Associated Transport, Inc., *supra*.

Bankston v. Folks, 1886, 38 La.Ann. 267, decided by the Supreme Court of Louisiana, involved a suit to recover for injuries from shooting. The prior criminal conviction for the shooting was admitted into evidence in the civil suit but was held not to be conclusive. The Louisiana Supreme Court has not passed directly on the question since that case. The cases from the lower Louisiana courts are in conflict on the point decided in *Folks,* some holding that a criminal conviction is admissible, though not conclusive, in a civil case, Reid-Elliott Motors, Inc. v. Lee, La.Ct.App.1957, 94 So.2d 160; Osborne v. People's Benevolent Industrial Life Insurance Company, 1932, 19 La.App. 667, 139 So. 733; Picatacci v. Palermo, 1926, 3 La.App. 465, and others holding that a criminal conviction is not even admissible in a civil suit, Davis v. Bankston, La.Ct.App.1966, 192 So.2d 614 (dictum); Quatray v. Wicker, 1931, 16 La.App. 515, 134 So. 313.

Because of this conflict in the cases and because the last definitive pronouncement on the subject by the Supreme Court of Louisiana was in 1886,

---

5. The insurance policy used the identical language of the standard form authorized by La.R.S. 22:691(F) :

    "Concealment, fraud—This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto."

6. Erie R.R. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

the current status of Louisiana law on the question of the admissibility and application of criminal convictions to civil suits involving the same incidents and transactions is indefinite. Accordingly, we look to the modern trend of the law in other jurisdictions. *See* Graves v. Associated Transport, Inc., *supra.*

The number of jurisdictions holding that a criminal conviction precludes litigation of the same issue in a civil suit is ever increasing. *E. g.,* Hardin v. Aetna Casualty and Surety Company, 5 Cir. 1967, 384 F.2d 718, cert. denied, 391 U.S. 971, 88 S.Ct. 2047, 20 L.Ed.2d 886; United States v. Fabric Garment Company, 2 Cir. 1966, 366 F.2d 530; United States v. Gramling, 5 Cir. 1950, 180 F.2d 498; Teitelbaum Furs, Inc. v. Dominion Insurance Company, 1962, 58 Cal.2d 601, 25 Cal.Rptr. 559, 375 P.2d 439; Taylor v. Taylor, 1962, 257 N.C. 130, 125 S.E.2d 373; In re Kravitz' Estate, 1965, 418 Pa. 319, 211 A.2d 443; Mineo v. Eureka Fire & Marine Insurance Company, 1956, 182 Pa.Super. 75, 125 A.2d 612; Eagle, Star and British Dominions Insurance Company v. Heller, 1927, 149 Va. 82, 140 S.E. 314, 57 A.L.R. 490; see Local 167 of International Bro'hood of Teamsters v. United States, 1934, 291 U.S. 293, 54 S.Ct. 396, 78 L.Ed. 804; Connecticut Fire Insurance Company v. Ferrara, 8 Cir. 1960, 277 F.2d 388, cert. denied, 364 U.S. 903, 81 S.Ct. 231, 5 L.Ed. 2d 195; Stagecrafters' Club, Inc. v. District of Columbia Division, D. D.C.1953, 111 F.Supp. 127. *Heller, supra,* the landmark case on the subject, stated the reason for the rule:

"In this case the accused seeks to reopen the precise question which was decided in the criminal case, and to avoid the legal consequences of his conviction, and the reason for the rule that judgments of courts of record having jurisdiction cannot be collaterally attacked applies.

\* \* \* \* \* \*

"[P]laintiff in error, Heller, was a party to the criminal case, \* \* \* he there had the fullest opportunity to make all of his defenses, \* \* \* the identical question which he has reopened in this case was solemnly adjudicated in that case, and \* \* \* it was there found beyond a reasonable doubt that he had burned his property for the purpose of collecting the insurance from this insurance company. Therefore he should not be permitted again to raise that question by this collateral attack upon that judgment, and thus to avoid its legal and logical consequences."

57 A.L.R. at 499–500.

\* \* \* \* \* \*

This Court has followed the reasoning of *Heller* and the line of cases which reach the same conclusion and has held, even where the convicted person is a defendant, and not a plaintiff, in the civil suit, that when he attempts to benefit from the commission of his crime, the record of his guilt makes it unnecessary to relitigate that issue. Hardin v. Aetna Casualty & Surety Company, *supra.*

The mere existence of this modern trend, standing alone, would not convince us that the Supreme Court of Louisiana would resolve the conflict in its law by holding that a criminal conviction precludes relitigation of issues decided therein in a subsequent civil suit. However, there is another factor to be considered. Louisiana has begun to liberalize its doctrine of judicial estoppel so that identity of parties is not always required for its application. In three cases Louisiana has held that where a plaintiff sues a tortfeasor and loses on the merits, he is barred from prosecuting a subsequent suit against someone whose liability is derivative, notwithstanding the requirement of La.C.C. Art. 2286 that there must be identity of parties for res judicata to apply. Williams v. Marionneaux, 1960, 240 La. 713, 124 So.2d 919; Muntz v. Algiers & Gretna Railway, 1906, 116 La. 236, 40 So. 688; McKnight v. State, La.Ct.App.1953, 68 So.2d 652.

"This line of cases evidences a willingness by the Louisiana courts to re-

lax the identity-of-parties requirement with respect to the application of judicial estoppel where it will prevent fruitless relitigation of an issue which already has been judicially determined."

Cauefield v. Fidelity and Casualty Company of New York, 5 Cir. 1967, 378 F.2d 876, 879.

Cauefield involved a suit for desecration of a cemetery by relatives of a deceased buried there. The defendant owner pleaded a prior judgment for him on the same issue entered in another civil suit instituted by other plaintiffs as a bar to the action. We concluded there that nothing would be gained by the second suit and that Louisiana would apply the doctrine of judicial estoppel under the circumstances of that case even though secondary liability was not involved. In still a different context, Friedenthal v. Williams, E.D.La.1967, 271 F.Supp. 524, found that the question there in issue had already been judicially determined and that the evidence in the second case would not differ from that presented in the first case. In view of these findings and the prevention of fruitless relitigation test enumerated in *Cauefield*, *Friedenthal* held that judicial estoppel was applicable in Louisiana even though the parties were not identical and a motion for summary judgment was granted.

■ Louisiana has shown a willingness to apply judicial estoppel in the absence of identity of parties to prevent fruitless relitigation of an issue which has already been judicially determined. Furthermore, there is a logical and sound legal trend which holds that a criminal conviction bars litigation of the issue in a civil suit. In view of both of these factors we think the Supreme Court of Louisiana would, if presented the facts of this case, hold that the conviction for insurance fraud precludes Breeland from litigating the issue in this civil suit against the insurance company. We do not think that Louisiana would be inclined to allow Breeland to benefit from his fraud by relitigating the issue.[7]

As the District Court stated when granting the motion for summary judgment:

"The fact issues of fraud raised by the defendant herein were distinctly pur (sic) at issue and directly determined by the jury in the prosecution of Breeland for violation of the mail fraud statute. Breeland has had his day in a competent court with the opportunity to produce his witnesses and to examine and cross-examine witnesses and to appeal, which he did with the result that the judgment was affirmed. In the criminal case he had the safeguards and benefits afforded all accused under our system of law. The frauds charged to him herein were required to be and were proven beyond a reasonable doubt, a more exacting degree of proof than that which would be required in a trial herein. We do not believe Breeland is entitled to re-litigate those issues. Nor is he entitled to benefit from his own wrongdoing."

None of the other specifications of error made by Breeland—barring his civil suit deprives him of due process, constitutes double jeopardy, subjects him to cruel and unusual punishment, and amounts to an ex post facto punishment—have any merit.

The judgment is

Affirmed.

---

7. We are not holding that Louisiana would extend judicial estoppel in all cases because of a prior criminal conviction. It is not necessary to decide that question. We hold only that in this case where

    1) there was a serious crime, and not a minor offense, such as a traffic violation, where the safeguards afforded the accused may be more or less perfunc-

tory (see Annot., 18 A.L.R.2d 1287, 1290) and

    2) the convicted person tries to take advantage of the fruits of his crime (by enforcing a contract which his criminal act invalidated), Louisiana would say that the criminal conviction bars the civil suit.