337 So.2d 894 (1976)
August H. BROWN
v.
GLOBE TOOL & ENGINEERING COMPANY et al.
No. 8000.
Court of Appeal of Louisiana, Fourth Circuit.
September 27, 1976.
*895 Hammett, Leake, Hammett, Hulse & Nelson, Craig R. Nelson, New Orleans, for Globe Tool & Engineering Co., third party defendant-relator.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Donald O. Collins, New Orleans, for S. M. Rosamond, Joseph Ruppel, Willie J. Rucker, Jr., Albert J. Diendonne, Odell Waller, Samuel A. Rosamond, Jr., Edmore E. Himel, Jr., Joseph P. Monroe, Jr., Marjorie H. Hardie, Marilyn M. Wolf, George Burck, Frank Serpas, Ernest Leonhard, and The Travelers Ins. Co., third party plaintiffs-respondents.
Before SAMUEL, LEMMON and BEER, JJ.
*896 LEMMON, Judge.
We granted Globe Tool & Engineering Company's application for certiorari in order to review a trial court judgment which in effect overruled Globe's exception of res judicata and judicial estoppel.
August Brown, an employee of Boland Marine & Manufacturing Company, sustained injuries in the course of his employment and filed two suits to recover his damages. The first suit, filed in federal court, sought recovery against Globe on the basis that the balancing machine manufactured by Globe was unreasonably dangerous in normal use and that his injury was caused by reason of this defect. The second suit, filed in state court, sought recovery against Globe on identical allegations and further sought recovery against certain of Boland's executives on the basis of their individual negligence. By third party petition Boland's executives sought indemnity or contribution against Globe, based on similar allegations relating to the design and manufacture of the balancing machine.
The federal action was tried first and resulted in a judgment in favor of Globe, the only defendant. Thereafter, Globe filed exceptions of res judicata and judicial estoppel in the state action.
The trial court maintained the exception of res judicata as to the main demand, and the judgment dismissing plaintiff's demand against Globe has now become final and definitive. However, while the original judgment on the exceptions had also dismissed the Boland executives' third party demand against Globe, the trial court subsequently granted third party plaintiffs a new trial, in effect overruling the exceptions.[1] Globe's writ application followed.

I
The requirements of res judicata, stated in C.C. art. 2286, obviously have not been met, since identity of parties is lacking, and that exception was properly overruled.
As to judicial estoppel, Globe bases its argument on the premise that it should not be required to relitigate the issue of its liability as manufacturer, since that issue has already been fairly presented to and decided by a court of competent jurisdiction.
The threshold question, one that is frequently posed, is whether the doctrine of judicial estoppel [or, perhaps more properly, estoppel by judgmentsee discussion of distinction in Stevens v. New Orleans & Northeastern R.R. Co., 341 F.Supp. 497 (E.D.La.1972)] is recognized in Louisiana. Many cases arise in which the more strictly defined doctrine of res judicata plainly does not apply, and in each case the court is faced with deciding whether to bar a second action on equity grounds.
The underlying reasoning for estoppel by judgment (and indeed for all legislation and decisions barring second actions) is that matters, once determined by a final and definitive judgment of a court of competent jurisdiction, should never again be called into question by the parties or their privies. See Heroman v. Louisiana Institute of Deaf and Dumb, 34 La.Ann. 805 (La.1882); Buillard v. Davis, 185 La. 255, 169 So. 78 (1936); Pitts v. Neugent, 184 La. 694, 175 So. 460 (La.1937); and California Co. v. Price, 234 La. 338, 99 So.2d 743 (1957).
Most cases involving estoppel by judgment have presented the problem of whether a judgment is conclusive not only of what was pleaded, but also of what might have been pleaded. This problem usually occurs because of the codal requirement for res judicata of identities of demands and causes of action,[2] rather than merely of identity of issues. While the problem in the present case is the rarer one of lack of *897 identity of parties, a discussion of the leading cases on estoppel by judgment is nevertheless appropriate.

II
In Hope v. Madison, 194 La. 337, 193 So. 666 (1940) the plaintiff had first sued to annul a contract (granting a mineral interest to her attorney in other litigation) on grounds of lack of consideration, misrepresentation and fraud. Being unsuccessful in that suit, she then filed an action to annul the contract as the purchase of a litigious right. The court refused to maintain the plea of res judicata, emphasizing a need for "rigid exaction of the three unities," but did maintain an exception of no cause of action.
In Quarles v. Lewis, 226 La. 76, 75 So.2d 14 (La.1954) plaintiff had originally sued to compel specific performance of a contract to sell immovable property and obtained a judgment. Thereafter, plaintiff sought in a second suit to recover damages sustained because of the delay in the performance of the contract. The court refused to maintain an exception of res judicata, noting that the thing demanded was not the same even if the breach of contract only gave rise to one cause of action. The court further observed that common law concepts of res judicata do not prevail in Louisiana, except that the codal requirements do admit of three exceptions: (1) petitory actions, (2) partition suits, and (3) injunctions to arrest execution of judgments or writs of seizure. A fourth exception was footnoted, namely, a case in which the prior litigation was determined on questions of fact, so that even if the thing demanded was not identical, the court was precluded from again considering the same issue of fact. (In the cited cases there was identity of parties). Finally, the court distinguished several cases which "appear to be out of line with the rest of the jurisprudence", noting that the cases were correctly decided on the basis of improper division of causes of action, but were improperly classified as maintaining exceptions of res judicata rather than of no cause of action or of Judicial estoppel. [3]
The Quarles decision was reviewed in California Co. v. Price, supra, in which a mineral lessor had originally filed a concursus proceeding, depositing royalties into the registry of court and impleading rival claimants of ownership of the property. Subsequently, in a second concursus proceeding involving royalties from production of different wells on the same property, the successful claimants from the first suit pleaded res judicata and judicial estoppel. Noting that validity of title was necessarily determined in the first case, the court maintained the exception of judicial estoppel, stating:
". . . Even if res judicata cannot be strictly applied the parties to this litigation are bound by judicial estoppel which extends to every material allegation or statement made on one side in the prior Price case and denied on the other which was determined in the course of the proceedings."
The court further observed that the doctrine of judicial estoppel had been specifically recognized in the Quarles case.[4]
The California Co. case has never been overruled.[5] It is not appropriate for this *898 court to review that decision or to determine in this case whether the doctrine of judicial estoppel may be applied in Louisiana.
The thrust of the California Co. decision, considered with earlier and later decisions on the subject, is that when the triple identities are present, C.C. art. 2286 (contained in the section on presumptions of the chapter on proof of obligations) controls, but that when the triple identities are not present, a second action may still be barred by estoppel. Since the defense of estoppel by judgment, like the defense of fraud, is an equitable doctrine which cuts across positive law, its applicability must be decided on a case by case basis by an examination and analysis of the underlying facts and circumstances. No absolute or inflexible rules should be formulated as exceptions to the strictly defined codal provision for res judicata. Rather, estoppel by judgment should be applied when the court determines the demands of equity in a particular case dictate that an already adjudicated issue should not be relitigated and that the parties should be bound by a prior determination.

III
In the present case the identity of parties is lacking. Identity of parties, however, is not an absolute requirement for application of judicial estoppel. In Muntz v. Algiers & Gretna St. Ry. Co., 116 La. 236, 40 So. 688 (1906) an unsuccessful suit for negligence against the lessee of a railroad was held to bar, on grounds of res judicata, a subsequent similar action against the lessor railroad which might have been vicariously liable if sued in the first suit. And in McKnight v. State, 68 So.2d 652 (La.App.1st Cir. 1953) plaintiff, after losing a tort suit against state policemen, sought to recover for the same incident against the state as employer of the officers. The state obtained a dismissal based on res judicata.
In Williams v. Marionneaux, 240 La. 713, 124 So.2d 919 (1960) the Supreme Court discussed the Muntz and McKnight cases and stated that while the essential elements of res judicata were missing, the correct result had been reached and a plea of judicial estoppel would have been appropriate procedurally.
Perhaps the most interesting case involving estoppel, when there was no identity of parties, is Cauefield v. Fidelity & Cas. Co. of N. Y., 378 F.2d 876 (5th Cir. 1967), in which 41 relatives of persons buried in a cemetery brought numerous suits for desecration as a result of cleaning operations. When the first suit came to trial, the plaintiffs in the pending Cauefield case were active participating witnesses. After nine days of trial, the suit was dismissed. When the Cauefield case came to trial, plaintiffs used the same attorney and conceded that the evidence would be the same. The court, noting that proof of desecration of any part of the cemetery was all that was needed for plaintiffs to prevail in the first action, concluded that the first case had been tacitly intended to resolve all of the claims and maintained the exception.
In the present case there was no improper division of causes of action; there was no relationship between the plaintiffs and the third party plaintiffs; the third party plaintiffs did not participate in any manner or exercise any control whatsoever in the prior action; and there was no party in that action concerned with protecting their interests. Furthermore, the third party plaintiffs had no opportunity to appear or participate in the prior action and could not ever have been joined as a defendant by the plaintiff in federal court. 33 U.S.C. § 933(i). And, finally, there is no flavor of class action.
If the prior determination of Globe's liability were held to be binding on the third party plaintiffs under these circumstances, serious questions of substantive due process and basic fairness would be presented. This case may be decided, however, on the basis of balancing the competing equities.
That this is the third party plaintiffs' first day in court is a factor of significant importance. Lack of an opportunity to participate in the prior decision deprived them of a choice of attorneys, arguments, and *899 methods of procedure and of presentation of evidence.
On the other hand, although Globe has an interest in avoiding additional costly and vexatious litigation after already being subjected to expensive litigation on the issue of its liability as manufacturer, elements of cost and delay are accessory factors in most litigations. These factors alone should not outweigh a party's right to its first and only day in court. Nor should the admitted fact that the cause of efficient judicial administration is served by avoiding additional expenses, crowded dockets, and possibility of inconsistent results.[6]
In this case the importance of providing third party plaintiffs their day in court far outweighs the competing interests, and the facts and circumstances of this case are therefore inappropriate for application of estoppel by judgment.
Accordingly, the issuance of supervisory writs is recalled.
WRITS RECALLED.
SAMUEL, J., concurs and assigns reasons.
BEER, J., dissents and assigns reasons.
SAMUEL, Judge (concurring).
Quite clearly, the exception must be overruled insofar as it is based on res judicata. One of the requirements of our res judicata (Civil Code Article 2286), "the demand must be between the same parties, and formed by them against each other in the same quality," is not met.
Insofar as the exception is based on the doctrine of estoppel by judgment, for the reasons expressed in Bordelon v. Landry, La.App., 278 So.2d 173, I am of the opinion that doctrine should not judicially be made applicable in this state beyond its presently existing exceptions; and this case is not one of those exceptions.
However, even if the doctrine of estoppel by judgment is considered applicable in this case, the exception must be overruled due to an absence of identity of parties. Estoppel by judgment properly can be applied, without taking into consideration any equities which may be involved, only to the parties to the prior action or to those persons who are vicariously or derivatively liable solely as a result of the actions of such parties. See Barnett v. Develle, La., 289 So.2d 129, 138; Baker v. Wheless Drilling Company, La.App., 303 So.2d 511, 515.
Accordingly, I respectfully concur.
BEER, Judge (dissenting).
I respectfully dissent.
The majority opinion states that "this case may be decided, however, on the basis of balancing the competing equities." I agree, but reject the conclusion which the majority opinion reaches when the balancing test is applied.
In my view, a balancing of the competing equities in this case should result in judicial estoppel.
The Boland executives' claim to a day in court is not sufficient, in the circumstances of this case, to offset the combined countervailing interests of protecting Globe from expensive and vexatious litigation based upon identical contentions which they have already successfully defended and the protection of the judicial process from repetitious litigation and the public confidence shattering possibility of inconsistent results.
Manipulation of the courts in order to create two separate trials of identical issues should not automatically guarantee all inclusive due process. Circumstances may justify the according of reduced weight to a litigant's right to a second trial of the issues already judicially determined and thus permit same to be outweighed by the combination of interests served by the imposition of judicial estoppel. Such is this case.
NOTES
[1] Counsel stipulated at oral argument that the trial court actually overruled the exception, although only the judgment granting the new trial was in the record which was transmitted to this court.
[2] As stated in Sliman v. McBee, 311 So.2d 248 (La.1975) the term "cause of action" is a mistranslation from the French, "cause" in original context referring to the legal obligation upon which the action is founded. See also XXIX La.L.Rev. 278, 292, fn. 65 (1969).
[3] Arguably, the court meant that when a party files an exception of res judicata, the three identities must be present, but the codal article does not preclude pleas of estoppel based on equity grounds or pleas of no cause of action based on grounds of improper division of causes of action.
[4] The California Co. decision prompted Dean Henry G. McMahon to remark at XIX La.L.Rev. 390 (1959) that "(i)f there is anything in Louisiana law which is not res judicata, it is the subject of res judicata itself." Ten years later Justice Albert Tate, Jr. stated that the related doctrine of judicial estoppel "in modified form, may or may not apply in Louisiana", citing cases both ways. XXIX La.L.Rev. 278 (1969). He observed, however, that the "might have been pleaded" view has been rejected by a decided preponderance of modern Louisiana decisions which hold that the judgment is conclusive only as to matters put at issue and actually decided.
[5] In Sliman v. McBee, supra, the court observed that the applicability of judicial estoppel "in the civil law system of Louisiana is not free from doubt" and found it specifically inapplicable in that case.
[6] For an excellent discussion of the considerations in applying estoppel when there is no identity of parties, see Collateral Estoppel of Nonparties, 87 Harvard L.Rev. 1485 (1974).